## BRYAN MORSE *versus* TIMOTHY SHATTUCK.

When a consideration of money is expressed in a deed made for the purpose of conveying land, no averment can be admitted to the contrary for the purpose of defeating the conveyance.

But for the purpose of assessing the damages in an action of covenant broken on such a deed for the breach of the covenant of seizin, the true consideration may be shown by parol evidence, although a different consideration is expressed in the deed.

COVENANT broken. The plaintiff alleged in his declaration that the defendant, by deed dated January 6, 1816, conveyed to the plaintiff sundry lots of land in Lincoln, in this county, and covenanted that he at the time of making the deed was seized in fee, when in fact he was not so seized.

The cause was tried here at May term, 1827, and a verdict returned for the plaintiff; and the question saved for the opinion of the court was, what damages the plaintiff was entitled to recover, under the following circumstances. The consideration expressed in the deed was $900, but it being submitted to the jury to find what was the real consideration, they found it to be $100.

*Goodall*, for the defendant. It is agreed that in an action of covenant broken for the breach of a covenant of seizin, the damages to be recovered are the consideration paid for the land and interest. The consideration expressed in this deed is $900, and the question is, can the defendant be permitted to show the real consideration, or must that expressed in the deed be conclusive against him on the question of damages? We contend that the true sum paid is the measure of damages in this case, that the sum expressed in the deed is only *prima facie* evidence of the real consideration, and that the true consideration may be shown notwithstanding a different consideration is expressed in the deed.

It is admitted to be the general rule of law, that parol evidence is not admissible to contradict a deed. But the

Morse
*v.*
Shattuck.

acknowledgment of the receipt of a consideration in a deed, stands on the ground of other receipts, and forms an exception to the general rule. 17 Mass. Rep. 257, *Wilkinson* v. *Scott* ; 14 Johns. 210, *Shepherd* v. *Little* ; 3 Johns. 319, *M'Kinstry* v. *Pearsall* ; 5 ditto, 68 ; 2 D. & E. 366 ; 5 Vesey, jun. 87 ; 1 Johns. cases, 145 ; 4 Johns. 23 ; 4 Vesey, jun. 58.

We therefore contend that the sum actually paid, and not the sum expressed in the deed, is the true measure of damages in this case.

*Bell*, for the plaintiff.

The only question in this case is, whether the defendant can by law be permitted to show the consideration actually received by him to be less than the sum expressed in the deed ?

The general rule that parol evidence shall not be admitted to vary or contradict a deed would seem of itself to settle this case. 1 Phillip's Ev. 479 ; Peake, 115. For it cannot seriously be contended when the defendant has said in his deed that he has received $900, that proof that he received only $100, would not contradict the deed.

In the absence of all fraud and mistake, and none is pretended in this case, what the party has deliberately sanctioned under his hand and seal must bind him.

The action in this case is founded upon the defendant's own deed—a profert is made thereof, and the whole deed is before the court and spread upon the record. Why shall not one part of the deed which is in the defendant's own words bind him as well as another ? Why shall he not be permitted to show that by the words *" am seized and possessed,"* he really meant, and both parties then understood him to mean, that he was *not seized and possessed,* as well as when he says, *" in consideration of* $900, *to me in hand before the delivery hereof well and truly paid, &c. the receipt whereof I do hereby acknowledge,"* he shall be permitted to show that he only meant by $900 $200 ? He certainly might as well show that he received nothing and so defeat the action altogether.

There is no reported case as far as my researches have extended directly on the point involved in this case. The principle was examined and discussed in the case of *Steele* v. *Adams*, by the supreme court of Maine in a suit brought for the consideration money of a purchase of real estate. The court held the deed conclusive evidence not only of the amount, but of the receipt, of the consideration money. *Steele* v. *Adams*, 1 Greenl. 1.

The supreme court of New York came to a different result in the case of *Shepherd* v. *Little*, 14 Johns. 210. But this to say the least is strangely opposed to the reasoning in the case of *Holmes* v. *Barker*, 3 Johns. 508, in which C. J. Kent and Thompson held that the consideration could be no more varied or contradicted than any other part of the deed.

And no case can be found we apprehend where the action has been on the deed itself, and where there has been no question about fraud or mistake, where the consideration expressed in the deed has been contradicted by parol evidence.

RICHARDSON, C. J. It seems to be well settled as a general rule, that in a court of law when a consideration of money is expressed to have been paid in a deed made for the purpose of conveying land, the law will permit no averment to the contrary. Moor, 569, *Fisher* v. *Smith* ; Shep. Touch. 223 ; Phillips Ev. 424.

It has been held in some cases, that, if a particular consideration be expressed in a deed, no other consideration can be averred. 2 P. Will. 203, *Clarkson* v. *Hanway* ; 1, Johnson, 139, *Schemerhorn* v. *Vanderheyden* ; 3, do, 506, *Hawes* v. *Barker* ; 2 W. Bl. 1249 ; 7, Johnson 341, *Maigley* v. *Hauer* ; 2 Coke R. 76.

In other cases it has been held that any consideration not inconsistent with that expressed in the deed may be averred ; Phillips evidence, 424—426 ; 1 Coke Rep. 175, *Mildway's case* ; 7 Coke R. 133, *Bedell's case*.

These authorities may be probably all reconciled by adverting to the different purposes for which an attempt

has been made to shew other considerations than those expressed in the deeds, and to the different species of considerations which have been expressed in the deeds.

It is perfectly well settled that a consideration expressed in a deed cannot be disproved, for the purpose of defeating the conveyance, unless it be on the ground of fraud. Thus where a consideration of money is expressed in a deed of bargain and sale no averment is admissible, that no money was paid, in order to shew that nothing passed by the deed for want of a consideration of money. 1 Binney, 502, *Welt* v. *Franklin.*

But for other purposes the acknowledgement of the receipt of money in a deed may be contradicted. Thus in *Kip* v. *Deniston*, 4, Johnson 23, it was decided that where two trustees for the sale of an estate joined in a conveyance and both acknowledged the receipt of the consideration money but the money went into the hands of one of the trustees, the other was not answerable for the money so received by his co-trustee, and misapplied.

In *Shepherd* v. *Little*, 14, Johnson 210, it was decided that where the consideration of a conveyance was expressed in the deed and that it was paid, parol evidence was notwithstanding admissible to show that it was not paid.

So in *Wilkinson* v. *Scott*, 17 Mass. Rep. 249, it was decided that an action lay for the grantor of land against the grantee for part of the consideration expressed in the deed to have been paid, which the defendant by mistake failed to secure or pay. And Parker, C. J. in that case said, "A man is estopped by his deed to deny that he granted or that he had a good title to the estate conveyed, but he is not bound by the consideration expressed, because that is known to be arbitrary and is frequently different from the real consideration of the bargain."

And we are of opinion in this case that although the receipt of the payment of the consideration expressed in a deed cannot be contradicted for the purpose of defeat-

ing the conveyance, yet for the purpose of ascertaining the damages to which a plaintiff may be justly entitled for the breach of the covenant of seizin in a deed, the true consideration may be shown, notwithstanding a different consideration is expressed in the deed. The plaintiff is therefore entitled to judgment for $100, and interest.