## TIMOTHY SMITH *versus* BETSY LOWELL.

If a debtor in embarrassed circumstances, makes an absolute conveyance of his real estate and still continues, for a long time in possession of the land, this is, without some explanation, *prima facie*, evidence, that the conveyance was made to defraud creditors.

An absolute conveyance, made for the purpose of securing a debt, with an understanding between the parties that the land is to be reconveyed upon payment of the debt, is void as against creditors.

A conveyance made to defraud creditors is void, with respect to those who become creditors after the conveyance.

THIS was a writ of entry, brought to recover a tract of land in Hanover, in this county, and was tried upon the general issue, at May term, 1832, when it appeared in evidence, that one Benjamin Webster, being lawfully seized of the demanded premises, and being in debt and in embarrassed circumstances, on the 17th September, 1816, conveyed the same to one Silas Chandler. But Webster continued in possession of the land, and occupied the same, until some time in the spring of 1830.

On the 12th May, 1830, the said Chandler conveyed the demanded premises to one Jesse Dewey, who, on the same day, conveyed the same to the tenant.

The demandant, being a creditor of the said Webster and having purchased a writ of attachment against him, caused the demanded premises to be attached thereby, on the 13th April, 1830, and having recovered a judgment in that suit at May term of this court, here, 1830, sued out execution, which he caused to be extended upon the demanded premises on the 14th June, 1830.

But it appeared that the debt, due from Webster to the demandant, was contracted long after the conveyance aforesaid from Webster to Chandler.

Upon these facts, the court ruled that it was incumbent upon the tenant, in order to maintain her title to the de-

manded premises, to show that Chandler paid a good and valuable consideration for the land, or explain and account for Webster's possession.

The tenant made no attempt to explain the cause of Webster's retaining the possession of the land ; but she attempted to prove that Chandler paid a good and sufficient consideration for the land, and produced testimony tending to prove that Webster was indebted to Chandler when the conveyance was made. Whereupon the counsel for the tenant requested the court to instruct the jury, that, if they believed that an honest debt existed from Webster to Chandler, and that the conveyance was made in good faith, either to secure it by way of pledge or to pay it, the conveyance must be held to be valid.

But the court instructed the jury, that, as the conveyance was absolute on the face of the deed, in order to sustain it they must be satisfied that it was made in payment and satisfaction of the debt.

The jury having returned a verdict in favor of the demandant, the tenant moved for a new trial, on the ground that the ruling before mentioned was incorrect and the instructions to the jury erroneous.

*W. Smith* and *Bartlett*, for the demandant.

*Felton* and *Bell*, for the tenant.

The opinion of the court was delivered by RICHARDSON, C. J.

It does not appear that either Dewey or the tenant have ever paid any thing for the land, or that the conveyance was made to Dewey before the land had been attached by the demandant. The tenant must, then, be considered as standing on the same ground upon which Chandler would have stood, if he had made no conveyance, and this suit had been brought against him.

And we are of opinion that the circumstances, that Webster was embarrassed with debts when he conveyed to Chandler, and that he remained in possession fourteen

years after the conveyance, afforded, without explanation, at least *prima facie*, evidence, that the conveyance was made with intent to defraud creditors.

And it seems to us that in order to meet this *prima facie* evidence and show that, notwithstanding those circumstances the conveyance was *bona fide* and for an adequate consideration, it was not enough to prove that the deed to Chandler was made to secure some debt. The conveyance being, on the face of the deed, absolute, if it was made on account of a debt, any secret understanding between the parties, that the land should be reconveyed, on payment of the debt, would be a secret trust that would render the conveyance void. The law does not permit debts to be secured in that manner. If the conveyance was intended only to secure the debt, that intent should have appeared in some writing made at the time. If courts should give the least countenance to the security of debts, by absolute conveyance alone, there would be no end to the embarrassments in which creditors would be involved to secure their debts.

To prove, then, that the conveyance was made merely for security of a debt, with an understanding, between Webster and Chandler, that Webster should have a reconveyance on payment of the debt, was to prove the conveyance fraudulent and void.

And it was not enough to prove, under the circumstances, that the conveyance was made in payment of the debt, it should have been shown that the debt amounted to the fair value of the land.

It is settled that a conveyance, made to defraud creditors, is void as against those who become creditors after the conveyance. Roberts on Fraudulent Conveyances, 448—457; 4 Greenleaf, 195, *How* v. *Ward*; 2 Pick. 411, *Damon* v. *Bryant*.

There are cases, in which a mere voluntary conveyance may be sustained against creditors. Thus, a parent may, if not in embarrassed circumstances, make a

suitable provision for a child, which will be sustained against creditors. Newland on Contracts, 383 ; 11 Mass. Rep. 421, *Bennet* v. *The Bedford Bank* ; 3 Johns. C. R. 481, *Reade* v. *Livingston* ; 2 ditto, 48—49 ; 5 Cowen, 67, *Jackson* v. *Seward* ; 11 Wheaton, 199 ; 8 Cowen, 406 ; 3 Greenleaf, 471, *Usher* v. *Hazeltine* ; 9 Mass. Rep. 390, *Parker* v. *Proctor.*

But there is nothing, in this case, to shew that Chandler stood in any relation to Webster which could sustain a mere voluntary conveyance. Besides, Webster was in embarrassed circumstances.

We are, on the whole, of opinion that there is no legal ground for a new trial in this case.

*Judgment on the verdict.*