## WINKLEY *vs.* HILL.

A, being in debt, conveyed a tract of land to B absolutely in fee by deed. But at the time of the conveyance it was verbally agreed between them that A should have a re-conveyance, on repaying to B the purchase money. It was *held*, that this agreement was a secret trust, and a fraud in law, that rendered void the conveyance, as against creditors.

THIS was a writ of entry, brought to recover a tract of land in Strafford, in this county, and was tried at January term, 1837, upon the general issue, and a verdict taken by consent for the demandant, subject to the opinion of the court upon the following case.

For many years previous to the year 1834, A. N. Hill had been in possession of the demanded premises.

At December term of the superior court, in this county, 1833, the demandant recovered judgment against the said A. N. Hill, for $14.62 debt, and $160.43 costs of suit; and

on the 9th April, 1834, caused an execution which had issued on that judgment to be duly extended upon the demanded premises.

On the 25th January, 1834, the said A. N. Hill by deed conveyed the demanded premises to the tenant, W. Hill, absolutely in fee simple. For this conveyance W. Hill paid $2500, which was the consideration mentioned in the deed. But at the time of the conveyance it was agreed between the said A. N. Hill and the said W. Hill, that the said A. N. Hill should have a re-conveyance of the land upon paying to the said W. Hill the said sum of $2500.

*Hale,* for the demandant, relied upon the following cases as showing conclusively that the said conveyance to the tenant must be adjudged fraudulent and void. 3 *Coke* 80, *Twyne's case ;* 3 *N. H. R.* 415, *Coburn* vs. *Pickering ;* 4 *N. H. R.* 176 *and* 309 ; 6 *do.* 67 ; 2 *Peters' S. C. R.* 107, 2 *Pick. R.* 129.

*Bartlett* and *Burleigh,* for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.

The conveyance by A. N. Hill to the tenant was absolute on the face of the deed ; but the understanding of the parties to it was, that it should be a mere security for the repayment of the consideration named in the instrument, a mortgage in its real nature, provided A. N. Hill should choose so to consider it. It was, then, a conveyance absolute in its terms, but attended with a secret trust that the grantor should have the land again, on repayment of the money he had received. The question is, whether such a conveyance is valid against the creditors of the grantor ? This question has been considered as settled in this state for some time, as appears by the cases cited by the demandant's counsel. As such trusts are in their nature calculated to delay, hinder and defraud creditors, the law, without

stopping to learn the real motives and intentions of the parties, denounces all such trusts as frauds that render void the contracts under which they arise. Nor are the grounds and reasons on which such trusts are thus denounced, at all unsatisfactory. It must be extremely rare that they can be necessary to answer any honest purpose. What fair and proper motive can any man, who is in debt, have to adopt a mode of conveyance in transferring his property that carries falsehood on the face of it, while the truth lies hid and concealed beneath? Truth and honesty are usually companions; and fair dealing holds no fellowship with falsehood. Honest debtors, who are willing to act fairly with their creditors, never resort to false and feigned conveyances. Men who honestly pay their debts have no occasion to create secret trusts. It was a remark of Lord Coke, that frauds are like birds secretly hatched in hollow trees. False and pretended conveyances of property are the hollow trees in which secret trusts are hatched. They are never found in real sales. To actual sellers they will rarely be of any use or benefit; and actual purchasers will be as rarely found willing to take what they buy, subject to such trusts. And it is because such trusts are calculated to deceive and embarrass creditors, because they are not things to which honest debtors can have any occasion to resort in sales of their property; and because they are the means which dishonest debtors commonly and ordinarily use to cheat their creditors, that the law does not permit a debtor to say that he used them for an honest purpose in any case.

The secret understanding between the parties to the deed under which the tenant claims, that the grantor should have the land again on repayment of the purchase money, strongly indicates that the sale was not a real, but a false and pretended sale. And if the only object of the conveyancer had been to secure the payment of money advanced, the conveyance would have been in mortgage. The mode of conveyance adopted is, under the circumstances, calculated to cover

the whole transaction with suspicion. The facts disclosed render it somewhat probable that the conveyance was merely intended by the parties to it to place the land beyond the reach of the demandant's execution. But however this may be, the court is of opinion, that the secret trust which attended the conveyance must be pronounced as a fraud in law, which renders void the conveyance, and there must, of course, be                           *Judgment on the verdict.*