## Smith *vs.* Smith.

It is not necessary to the validity of an extent, that the sheriff should set forth in his return that it was made in pursuance of the direction of the judgment creditor.

Where an execution is recovered by two plaintiffs, a return that one of the appraisers " was chosen by the creditor within named," is sufficient.

A return that the sheriff has delivered seizin to one of two judgment creditors, is valid.

If an executor or an administrator, in this state, levy on land to satisfy a debt due to the estate, he may maintain an action of trespass for an unlawful entry upon it, at any time during his administration, unless it is sooner set off to the heirs or devisees.

Where there are two or more administrators, all should join in such action; but if one sue alone, the objection can only be taken by plea in abatement; or, perhaps, by way of apportionment of damages at the trial.

It is not necessary in such action that the plaintiff should describe himself as administrator.  He may declare generally on his possession.

Where a party shows a right of possession, it may be presumed to exist, until something is shown to rebut it.

A conveyance of his farm, by a person indebted, in consideration of a promissory note for half of the value, and a bond with a condition for the maintenance of the grantor during life, for the residue, is fraudulent and void against creditors whose demands existed at the time of the conveyance, unless property is retained, sufficient for the payment of his debts, upon which creditors may levy.  Whether that would alter the case, *quere.*

TRESPASS, for breaking and entering the plaintiff's close in Alstead, and carrying away his grass.  Plea, the general issue, with a brief statement, that the close was the soil and freehold of the defendant.

It appeared in evidence, that, prior to June 1, 1835, the close was part of a farm belonging to Sylvester Partridge. On the 5th of November, 1832, Partridge, and Benjamin Fay, gave their joint and several note to Elisha Smith, or order, for $258, on demand, and interest annually.  On the 11th of November, 1839, Elisha Smith, having deceased, Betsey Smith, and Calvin Smith the plaintiff, who were administrators of his estate, caused a writ to be issued on said note, against Partridge, and the farm was attached thereon, on the next day.  Judgment was recovered in that suit at April term, 1840, and execution issued April 21st, which, on the 4th of May following, was levied upon the land described in the plaintiff's writ.

The appraisers were sworn to appraise such land, &c., as should be shewn them as the estate of Partridge, to satisfy the execution, and made a certificate that they had appraised the land aforesaid, and set the same off in satisfaction of the execution.  The sheriff's return stated, that " in pursuance of the directions of Calvin Smith, the creditor within named, he had levied," &c.—that one of the appraisers " was chosen by the creditor within named"—and that he had delivered possession and seizin " to Calvin Smith, the creditor within named."  The execution and levy were duly recorded and returned.

Smith *v.* Smith.

The estate of Elisha Smith was not administered in the insolvent course.

The defendant objected, 1. That the levy was insufficient, because it did not appear that Betsey Smith, one of the administrators, in any way participated in it, either by directing it made, or choosing an appraiser, and that seizin was not delivered to her. 2. That if the levy was valid, the title vested in the heirs of Elisha Smith, and that the administrators had no right of action for any trespass which might be committed upon the premises. 3. That if any action could be maintained, by the administrators, the writ must be in the name of both, as such, and that this action in favor of Calvin Smith, in his own right, could not be sustained.

The court overruled the objections, reserving the questions.

On the part of the defendant it appeared that on the first of June, 1835, Partridge conveyed to him the whole farm, including the tract described in the plaintiff's writ, by deed of warranty, for the consideration of $2000, as set forth in said deed.

It was in evidence that the actual consideration for the conveyance to the defendant, who married a daughter of Partridge, was the sum of $1000, paid, or to be paid by the defendant, and a bond executed by the defendant to Partridge, with a condition that the defendant should support and maintain Partridge and his wife, during their lives, which was called by them $1000 more, and to secure which the defendant executed a bond and mortgage. The plaintiff further proved that the personal property of Partridge, except said $1000, had also gone into the possession of the defendant, who claimed the same by a sale, and had disposed of it; and the plaintiff contended that the conveyance was fraudulent against creditors.

A verdict was taken for the plaintiff, by consent, to be affirmed and judgment rendered thereon, or set aside and judgment entered for the defendant, according to the opinion of this court upon the foregoing case.

Smith *v*. Smith.

*Hubbard*, for the plaintiff.

*Chamberlain, & Vose*, for the defendant.

PARKER, C. J. *   Objections have been taken to the levy through which the plaintiff makes his title to the *locus in quo*, and sets up a right to sustain this action.

A return by the sheriff, that the levy is in pursuance of the direction of the judgment creditor, or creditors, is not necessary to the validity of the extent. A return that it was done in pursuance of the direction of one of two judgment creditors, therefore, will not vitiate the proceedings.

It appears from the return, that one of the appraisers was chosen "by the creditor within named," and this is sufficient. The two administrators may be regarded as constituting but one creditor. It is not necessary that the plural should be used. If the return had been that one of the judgment creditors appointed the appraiser, that would have been sufficient. It must be understood that it was done in behalf of all, there being no evidence to the contrary.   4 *N. H. Rep.* 330, 335, *Cooper* vs. *Bisbee*.

Whether any return of a delivery of seizin and possession, by the sheriff, is essential to the validity of an extent, need not be settled.   *See* 4 *Mass. R.* 403 ; 14 *Mass. R.* 408, *Atkins* vs. *Bean*.   It is the duty of the officer to deliver seizin and possession to the creditor, or his attorney.   The certificate of the appraisers, which makes part of the return, states that they have set off the land in satisfaction of the execution, and the levy has been returned and recorded.   This, perhaps, might be held sufficient, in the absence of any return of a delivery of seizin.   However that may be, a return that seizin has been delivered to one of two administrators, is valid. Possession by one is the possession of both.   9 *Cowen's R.* 34, *Wheeler* vs. *Wheeler*.   It is quite as good as delivery of seizin to an agent or attorney, who has no authority to re-

* GILCHRIST, J., did not sit.

ceive it at the time, which has been said to be sufficient. 13 *Mass.* 363, *Pratt* vs. *Putnam.*

It is further objected, that upon the levy of the execution the estate vested in the heirs of Elisha Smith, and that the plaintiff has no right to maintain this action. This depends upon the provisions of the statute. By the act of July 2, 1822, if the executor or administrator, in order to satisfy a debt due the deceased, shall levy on the land of the debtor, the heirs, and widow, or legatees, have the same rights in the land that they had in the demand, and it shall vest in them accordingly, subject to the just demands with which the estate stands charged, to the same extent that the money would be subject, and to be sold by the executor or administrator in the manner provided by law. And in case of disseizin, the executor or administrator may sue for and recover the land so levied on, declaring upon his seizin thereof in his said capacity. *N. H. Laws* 335. This must be construed as giving the executor or administrator the right to maintain a suit until the close of his administration. There is no condition to this right to sue, that it shall be wanted for payment of debts. He may be licensed to sell, if it is needed for that purpose. The heirs, &c., are to have the same right in the land that they had in the demand. But that was not a right to possession of the evidence of the debt, or of the avails of it, except upon a settlement of the administration account. The right in the demand, was a right to come into possession of the amount at the close of the administration, if it was not wanted for the purposes of the administration. Their right to the land vests in them, also, "subject to the just demands with which the estate stands charged." It must have been intended that it should remain under the control of the administrator, until the estate was settled, unless it is sooner set off to the heirs or devisees.

The provision that the administrator may recover the land in case of disseizin, shows that he is to retain possession.

It is necessary that he should do so, in order to carry into effect the provision that it should be subject to the demands against the estate, in the same manner that the money would be. If it vested in the heirs, so that they were entitled to the possession, they would hold the income. In case of redemption, the executor is entitled to the money. But how are the mesne profits to be deducted, if the heirs are to have possession.

Another objection is, that one administrator cannot maintain an action alone. There is no doubt that both of the administrators ought to have joined. The case is similar in principle to that of joint tenants or parceners. But this is an action *ex delicto*, and the objection can be only taken in abatement, or by way of apportionment of damages on the trial. 1 *Chitty's Pl.* 53. And it may be doubted whether, if no plea in abatement is interposed, one may not recover the full damage, to be accounted for in an administration account.

It is further contended, that the plaintiff has not described himself as administrator. But the levy puts him in possession; he has the right of possession, and may maintain trespass on that, without describing himself as administrator.

It is said further, that if the plaintiff has a right to possession until the close of his administration, it does not appear that it is not closed. But the plaintiff having shown a right of possession, that may be presumed to exist until the contrary appears. Such is the general principle. There is nothing to show that his right has terminated.

The remaining question is, whether the conveyance, under which the defendant claims, was fraudulent, as against this debt. As the verdict was taken without any request to submit the matter to the jury, the question might be stated to be, whether there was sufficient evidence on which a jury might find the conveyance to be fraudulent. But it is not necessary to consider the matter in that limited view. The more important question is, whether a conveyance of his farm,

by a person indebted, in consideration of money, or a promissory note for one half the value, a bond and mortgage for his maintenance during life furnishing the residue of the consideration, is a valid conveyance against creditors, whose demands existed at the time of the conveyance. This lays out of the case the conveyance of the personal property by Partridge to the defendant, which might well be weighed by a jury, in considering whether the conveyance was, in fact, intended as a fraud, because, although the defendant was to give his note for $1000, all the property of Partridge, as the law then existed, was withdrawn from the operation of the regular process of law.

It has been settled here, that where there is any reservation, or secret trust, by which any substantial interest is to be secured to the grantor, the conveyance is fraudulent as to creditors. 6 *N. H. Rep.* 69, *Smith* vs. *Lowell; 9 N. H. Rep.* 31, *Winkley* vs. *Hill;* (10 *N. H. Rep.* 150, *Tifft* vs. *Walker.*) It is said by Chief Justice Richardson, in delivering the opinion in *Smith* vs. *Lowell,* that "there are cases in which mere voluntary conveyances may be sustained against creditors." Against subsequent creditors there is no doubt that such conveyance may be good, and perhaps there may be cases where it will avail against existing creditors. But this is not clear. The general principle is that against existing creditors, a voluntary conveyance is presumed to be fraudulent. 3 *Johns. Ch. R.* 481, 500, *Read* vs. *Livingston; 8 N. H. Rep.* 37, *Parsons* vs. *McKnight.* In some cases it was held not to be conclusive evidence of fraud. 1 *Story's Eq.* 358, *and cases cited.*

The deed from Partridge to the defendant is not a mere voluntary conveyance. There was a consideration secured by the note and the bond.

Nor is there here, technically, a reservation or secret trust.

But we think the case comes very much within the reason and the principles which govern those cases. It is an attempt to secure to the grantor a support during life, out of

his property, to the prejudice of his creditors. Any person who takes such conveyance should take care that the existing debts of the grantor are paid. 2 *Atk. R.* 600, *Taylor* vs. *Jones ;* 9 *Cowan's R.* 73, *Jackson* vs. *Parker.* Or, at least, show that full means for that object were left in the possession of the grantor, which the creditors may levy upon, or have lost by their own negligence. Whether evidence of the latter description would avail, we need not consider. It is not shown here, but the contrary appears to have been the fact. *Judgment for the plaintiff.*