## KIMBALL & a. *vs.* FENNER.

A deed which purports to be executed upon a pecuniary consideration, and contains an acknowledgment of the receipt of it, does not of itself furnish evidence, as against existing creditors, that a consideration was in fact received. Against such creditors, who have <u>lived</u> on the land, it is to be regarded as a mere voluntary conveyance, and presumed to be fraudulent, until some evidence is offered of the consideration upon which it is founded.

Whether the presumption may be rebutted, and the deed may avail, if it appear that it was executed as an advancement to a child, and the grantor were solvent at the time and long afterwards, *quere?*

WRIT OF ENTRY, to recover a tract of land in Dover. The land in question was formerly owned by Elhanan W. Fenner, who on the 25th of January, 1835, mortgaged it to Winthrop Adams and Solomon Jenness.

The plaintiffs offered in evidence a writ of attachment, in their favor, against said E. W. Fenner and William B. Wiggin, partners under the firm of Fenner & Wiggin, dated May 1, 1837, founded on two notes from them to the plaintiffs, one dated the 14th of June, 1833, and the other on the 5th of Sept., 1833 ; on which writ all the right and interest of said E. W. Fenner, in the land in question, were attached. Judgment was rendered in said action May T., 1837, and execution issued on the 22d of May, which was levied on the equity of redemption, on the 13th of June ; and the equity was sold to the plaintiffs, and conveyed by the deputy sheriff, on the 15th of July, 1837.

The defendant, Albert G. Fenner, offered in evidence a deed to himself, executed by said E. W. Fenner, on the 2d of July, 1836 ; but the plaintiffs having proved the existence of their debt prior to the date of this deed, the court ruled, and directed the jury, that the burden was on the defendant, to show that the conveyance to him was made in good faith, and on a good consideration.

To this ruling and direction the defendant excepted, and the jury having returned a verdict for the plaintiffs, he moved for a new trial.

Kimball *v.* Fenner.

*Bell, & T. E. Sawyer*, for the defendant. The case finds that the plaintiffs had claims, in 1833, on E. W. Fenner, and that before the suing out of the writ, E. W. Fenner executed a deed to the defendant. The court ruled that, the debt existing at the time of the deed, the defendant must go farther than the production of the deed, and must show that such circumstances existed that the deed would not be fraudulent. To this we excepted.

The deed appearing to be good on its face, is presumed to be made in good faith, and upon a good consideration, until it is impeached. *Foster* vs. *Hall*, 12 *Pick.* 89, and *Briggs* vs. *French*, 2 *Sumner* 252, sustain our position. The cases assume that deeds are, *prima facie*, good and valid.

The facts the defendant was required to prove were to rebut a suggestion—to establish a negative.

In a recent case in New-York, it was held that a voluntary deed is not fraudulent against creditors under all circumstances. If the party had other property to a large amount, it is valid. *See* 2 *Hilliard's Abr.* 421.

*C. W. Woodman*, (with whom was *Christie*,) for the plaintiffs. The rule laid down at the trial is one of sound policy. Different reasons exist in cases between grantor and grantee, from those which apply in a case between a creditor and a grantee.

The burden is on the defendant to show a good deed, and to this a consideration is necessary. 6 *N. H. Rep.* 67, *Smith* vs. *Lowell;* 8 *N. H. Rep.* 35, *Parsons* vs. *McKnight;* 8 *N. H. Rep.* 44, *Carlisle* vs. *Rich.*

The deed recites a valuable consideration. If that alone is sufficient, why not produce the paper, and ask the court to presume that it was duly executed also?

The receipt of the consideration, in the deed, is *prima facie* evidence only between the grantor and grantee. 20 *Pick.* 247, *Clapp* vs. *Tirrell.*

PARKER, C. J.   The plaintiffs introduced evidence that E. W. Fenner, prior to the 25th of Jan., 1835, was the owner of the premises in question ; that, being in 1833, and up to the 1st of May, 1837, indebted to them, as one of the firm of Fenner & Wiggin, they on that day caused the premises to be attached, recovered judgment and sold the equity of redemption on their execution, admitting that the premises were duly mortgaged, on the 25th of Jan. 1835, to Smith & Jenness.  These proceedings show a title in the plaintiffs, against E. W. Fenner, and against all other persons except those claiming under the mortgage, or some person who can show a title from E. W. Fenner prior to the attachment.

The defendant does not claim under the mortgage, but he attempted to set up a title from E. W. Fenner, and produced a deed, executed previous to the attachment, which, if made *bona fide,* and upon a sufficient consideration, conveyed to him the title of E. W. Fenner, subject to the mortgage.

The simple question which this case presents is, whether the proof of the execution and delivery of this deed be *prima facie* evidence of a title against the plaintiffs, until rebutted by proof tending to show that it is invalid against these creditors, from want of sufficient consideration, or from fraud ; or whether it was incumbent on the defendant, in order to support his title against the plaintiffs' levy, to show that the conveyance to him was upon a sufficient consideration, by some evidence other than that of the deed itself.   If a sufficient consideration were shown, the good faith might be presumed.

A voluntary deed is one made without any consideration, and such a deed is presumed to be fraudulent as against existing creditors.  3 *Johns. Ch. R.* 500, *Reade* vs. *Livingston ;* 8 *N. H. Rep.* 37, *Parsons* vs. *McKnight ;* 8 *N. H. Rep.* 48, *Carlisle* vs. *Rich ; Cruise's Dig.* 221 ; 2 *Hilliard's Abr.* 421, *pl.* 16 ; 6 *N. H. Rep.* 69 ; (11 *N. H. Rep.* 465, *Smith* vs. *Smith.*)  If there be any thing to rebut the presumption, it must be shown by the grantee.  "No man has such a

Kimball *v.* Fenner.

power over his own property, to dispose of it so as to defeat his creditors, unless for a consideration." *Ambler* 596, *Partridge* vs. *Gopp, cited* 20 *Johns. R.* 567.

The question may be stated, then, in other words, whether a deed which purports to be executed upon a pecuniary consideration, and contains an acknowledgment of the receipt of it, furnishes, of itself, evidence that such consideration was in fact received, or whether, as against existing creditors, it is not to be regarded as a mere voluntary conveyance, and presumed to be fraudulent until some evidence is offered of the consideration upon which it was executed. There is no doubt that the clause acknowledging the receipt of a consideration furnishes evidence, against the grantor, that the consideration specified has been paid—and this receipt being under seal, and part of the deed itself, cannot be contradicted by him for the purpose of defeating the instrument. 4 *N. H. Rep.* 229, *Morse* vs. *Shattuck.*

But for all other purposes the effect of this clause, even between the parties, is that of a mere receipt, which may be contradicted ; and it furnishes the grantee, therefore, only *prima facie* evidence of the consideration upon which the deed is founded. Thus it may be shown, that the actual consideration was more than that expressed, (8 *Conn. R.* 304, *Belden* vs. *Seymour ;*) or less, (4 *N. H. Rep.* 229 ;) or that it was iron, instead of money, (16 *Wend. R.* 460, *McCrea* vs. *Purmort ;*) or that nothing was paid, (14 *Johns. R.* 210, *Shephard* vs. *Little ;* 20 *Johns. R.* 338, *Bowen* vs. *Bell ;*) and of course that nothing was contracted to be paid. A deed may be a voluntary deed, notwithstanding it purports to be made upon a sufficient consideration.

Upon what principle is it that this mere receipt, which may thus be contradicted and controlled between the parties, is even *prima facie* evidence of the payment of a consideration, against a third person, who shows a *prima facie* title, by a levy on the land which belonged to his debtor, and who is no party to the deed, has in no way admitted its validity,

and has, or may have, no knowledge respecting the transaction upon which it is founded? He is not in privity with the title of the grantee. On the contrary, it is adverse to him. Nor is the right of the grantee, to maintain his title against the creditor, so founded upon some right against the grantor, as to make the admission of the latter, that he had received a consideration, evidence against the creditor, within the principle which, in an action against the sheriff for an escape, admits the debtor's acknowledgment of the debt as proof of that fact, being sufficient to charge the debtor himself in the original action. 2 *Stark. R.* 42, *Williams* vs. *Bridges.* If the case fell within that principle, any admission or statement of the grantor, tending to show the good faith of the conveyance, would be equally admissible, being admissible against himself. Nor is it within the principle which admits the notes and judgment in favor of the plaintiffs, in this case, as *prima facie* evidence that they were creditors of E. W. Fenner, being good evidence against him of that fact. 5 *Pick. R.* 388, *Reed* vs. *Davis.* The deed itself comes within that principle. The notes to the plaintiffs, proved to be signed by E. W. Fenner, are evidence that he made such contracts, and of course *prima facie* evidence that he then owed such debts, which is sufficient, in the first instance, for the plaintiffs, so far as that point is concerned. The deed to the defendant, shown to be executed by E. W. Fenner, is evidence that he made such a conveyance, and *prima facie* evidence that as to him the land has passed to the defendant; but this is not sufficient for the defendant on this point. Something more is necessary to make out a *prima facie* case against the plaintiffs, (they having shown themselves to be existing creditors,) and that is, evidence that the deed was upon a sufficient consideration—otherwise it is only a voluntary deed. Establishing the fact of a conveyance as against E. W. Fenner, does not sufficiently establish a conveyance as against the plaintiffs; and thus the case may, perhaps, be said to differ from the class of cases just referred to, where

proof of a fact, such as would be sufficient against one party, is, from its connection, sufficient proof to establish a right thus far against another; or, rather, in this case, in order to render such fact of any validity, it is necessary to superadd further proof; and that is, as before stated, proof of the consideration, beyond the mere fact of the execution of the deed. Nor is it a part of the *res gestæ*, further than the fact of an admission by the grantor, that a consideration was paid, may be so considered.

The execution of the deed must be proved, whoever is the party contesting it. Being proved, it contains the admission of the grantor, in writing, that a consideration has been paid, and this furnishes evidence of that fact against him. It contains no admission of the creditors, when used against them. But it is invalid against them, without some evidence that it is founded upon a consideration.

Is the admission of the grantor, then, evidence against the creditor to show that fact? If it be so, it must be either because the admission is under seal, or because it is contained in the deed itself.

A verbal admission or declaration of the grantor, that there was a consideration which had been paid, would be good evidence as against him, to establish that fact, but not against third persons. 1 *Pick. R.* 245, *Braintree* vs. *Hingham.* And so of a mere receipt, or any other writing, disconnected from the deed. 6 *Cowen's R.* 617, 623, *Jackson* vs. *Richards.* We are not aware of any rule by which a seal can add to the authenticity of the receipt, or give it the character of competent evidence against parties having no connection with it. 16 *Wend. R.* 474. It would still be hearsay evidence, or rather *res inter alios acta.* 3 *Stark. Ev.* 1300; 1 *Phil. Ev.* (*Ed.* 1820) 173—*Cowen & Hill's Ed.* 229, *et seq., and notes* 432, 435. The actual payment of the money, or other thing mentioned in it, must still be proved.

And we are of opinion that the fact that this receipt is contained in the deed, does not add to its character, as evi-

dence, or confer upon it any tendency to prove itself, against third persons, which it would not have if contained in a separate instrument. It proves merely that the grantor admitted that a consideration existed, which had been paid, and not that one actually existed, or has been discharged. It is a recital of that fact, and thus not evidence against strangers to the deed. 1 *Stark. Ev.* 289, § 156, *and notes;* 4 *Peters' R.* 83, *Carver* vs. *Jackson.* It is said that the origin and purpose of this admission or acknowledgment in a deed, is to prevent a resulting trust in the grantor, and that it is merely formal or nominal, and not designed to conclusively fix the amount, either paid, or to be paid. 8 *Conn.* 312. Being formal, or nominal, it cannot be evidence against third persons, that any thing was paid, or to be paid.

If the deed, and the admission contained in it, were held to be *prima facie* evidence of a consideration, we should hold that this *prima facie* evidence was sufficiently rebutted by showing that the plaintiffs were existing creditors. 2 *Hill. Abr.* 421.

Whether this clause of the deed might not be evidence after the death of the grantor, as an entry, or written acknowledgment, by him, against his interest; and whether the presumption of fraud may be rebutted, and the deed avail, if it appear that it was executed as an advancement to a child, and the grantor was solvent at the time, and long afterwards, we need not consider.

In *Briggs* vs. *French*, 2 *Mason's R.* 252, cited for the defendant, the question arose in a different manner, and upon a different state of facts. In *Foster* vs. *Hall*, (12 *Pick. R.* 89,) it does not appear from the report that the defendants were existing creditors at the time of the conveyance. Their attachment was made subsequently; and no evidence appears to have been offered to show when their debts accrued, or any attempt to maintain any rights for them, other than as subsequent creditors, who must show the fraud. *Clapp* vs. *Tirrell*, 20 *Pick.* 247, was an action by a subsequent pur-

chaser, and it was there said that it was obvious that when a deed is impeached on the ground of fraud, the clause acknowledging payment of the consideration is the lowest species of *prima facie* evidence. *See, also,* 2 *Cowen's Phil. Ev.* 566.

As against existing creditors, it seems to us not even to attain to that degree. It appears to stand on no better ground than a conveyance to trustees for the benefit of creditors. 5 *Mass. R.* 151, 152, *Widgery* vs. *Haskell;* 10 *Pick. R.* 413, *Russell* vs. *Woodward.* Fraudulent deeds always express a consideration. If the deed is *bona fide*, the grantee knows what the consideration was, and where to find the evidence of it. The subscribing witnesses often have no knowledge respecting it. If no one but the grantor has the knowledge, he may be made a witness by the grantee. If the liability on the covenants in the deed is no greater than the debt, his interest is balanced; and he is usually quite as favorably disposed towards the grantee, as towards a creditor proceeding for the recovery of his demand. If there may be a hardship sometimes upon a *bona fide* grantee, who is compelled to maintain his title against a creditor, there would be, quite as often, a greater hardship upon creditors, if they were compelled to disprove the existence of a consideration, merely because their fraudulent debtor had admitted that he had received one.

*Judgment on the verdict.*