## HORN *v.* THOMPSON.

The indorsement of the notes secured by a mortgage, is *prima facie* evidence of
a consideration for the assignment.

The acknowledgement of a consideration paid, in a deed of assignment of a
mortgage, is conclusive evidence of a consideration against the assignor, and
those claiming under him, except creditors, and *bona fide* purchasers.

A judgment charging a person as trustee, by reason of a negotiable promissory
note, is invalid, unless notice is given to parties interested, according to the
statute.

THIS was a writ of entry upon a mortgage to recover a
lot of land in Carroll, in this county. The general issue
was pleaded, with a brief statement that before the action
was entered he paid the plaintiff $35, by which the mort-
gage was paid in full.

The plaintiff offered in evidence a mortgage deed from
Charles Thompson to H. T. Sturtevant, of the lot of land
in question, dated December 20, 1845, duly executed and
recorded, with a condition, that if Thompson should pay to
Sturtevant, his heirs, &c., $485, agreeably to his eight prom-
issory notes, of the same date, payable to Sturtevant or or-
der, with interest, one for $15, in two months, one of $45,
in one year, five of $75 each, in two, three, four, five and
six years, and one of $50 in seven years, the deed should be
void.

He then offered four notes, three for $75, each payable in
four, five and six years, and one for $50, in seven years, be-

ing the four notes last described in the condition of the mortgage, and all indorsed in blank by Sturtevant. The execution of the notes and mortgage, and the indorsements, were admitted.

He then introduced an assignment of the mortgage, under seal, the due execution of which was admitted, from Sturtevant to the plaintiff, dated February 19, 1850, recorded February 25, 1850, which recites the mortgage and notes, and adds, " four of the first described notes in said deed of mortgage having been paid to me," and describes the four remaining notes as unpaid, and assigns them with the mortgage. The consideration stated in the assignment is $343,75, and its payment is acknowledged in common form.

The defendant objected, that the plaintiff had not proved any consideration paid by him for the notes and mortgage, but the court ruled that the plaintiff stood well enough upon his assignment, until it was impeached by showing fraud, or in some other way, which was not attempted to be done.

The defendant then introduced in evidence a judgment, recovered at the court of common pleas in said county, at the November term, 1852, in a suit in favor of the town of Carroll against R. Lane and said Sturtevant as principal defendants, and Charles Thompson, as trustee of Sturtevant. It appeared that this action was entered in court at the November term, 1847. The writ had been served upon Lane and the trustee, Thompson, before entry ; but no service was made upon Sturtevant, the officer stating in his return upon the writ, that the place of residence of Sturtevant was unknown to him. The action was continued to the November term, 1848, when the trustee disclosed that he owed Sturtevant four notes, all dated December, 1845, for $75 each, all made and payable in this State, in three, four, five and six years from date, with interest, on the first of which was paid $25, in March, 1847, " all which notes," the trustee states, " are supposed to belong to and to be in possession of said Sturtevant." The action was further continued

till the May term, 1851, when an order was obtained for notice on Sturtevant, by publication in a newspaper published in the county. The order recited: "It being suggested to the court that the property of the defendant, Sturtevant, had been attached on the writ, and that no personal service has been made upon him in this State, it is therefore ordered," &c. This order was duly complied with by publishing notice prior to the November term, 1851. At that term another order of notice was obtained upon Sturtevant, as principal defendant, to come into court at the May term, 1852, and answer on oath all interrogations respecting the possession, transfer, or other disposition of the notes mentioned in said disclosure, which order was duly complied with by personal service on said Sturtevant, but Sturtevant did not appear in the action upon either of these notices. No notice was ordered to be given to any other person, or to be published in any newspaper, for the information of any one who might claim an interest in the notes, and no such notice was ever given. At the November term, 1852, judgment was rendered against Lane and Sturtevant, as principal defendants, and Thompson as trustee, for $156,20 damages, and $59,94, costs of suit; and execution taken for that sum against the trustee, and was paid by him. The trustee was allowed $44,25 as his costs, which he was allowed to deduct from the funds in his hands, making in all $260,39.

There was no evidence tending to prove that said Sturtevant had ever transferred or assigned said notes, or any of them, or said mortgage, before February, 1850, when he assigned them to the plaintiff; but there was evidence tending to prove that in October, 1849, he held the mortgage and five of the notes described in the condition of it.

The plaintiff took exception to the admission of the proceedings in this trustee suit, upon the ground that the plaintiff had never any notice of the pendency of the suit, or any knowledge whatever of the proceedings in it, and that

he was not bound, nor his rights in any way affected by those proceedings, or that judgment.

He also introduced a witness, whose testimony tended to prove that in 1845, and till 1847, Sturtevant resided at Carroll, in the county of Coos, and that in 1847 he removed to Moultonborough, in the county of Carroll, where he has ever since resided.

The defendant proved that Charles Thompson was dead, and that he was in possession of the mortgaged premises, holding Charles Thompson's interest, and that he had paid to the plaintiff $100, Jan. 21, 1853, and $35, May 22, 1853.

By consent of parties, a verdict was ordered for the plaintiff; upon which judgment is to be entered, or it is to be set aside and judgment rendered for the defendant, according to the opinion of the superior court.

*G. C. Williams*, (with him *J. W. Williams*,) for the plaintiff.

I.  The ruling of the court upon the objection made, that there was no consideration proved for the assignment of the mortgage and notes, would seem to need no argument to sustain it.   A promissory note imports a consideration until the contrary appears.   *Horn* v. *Fuller*, 6 N. H. Rep. 511. So, also, the indorsement of a note imports a consideration, and throws the burden of proof upon the other party.   Story Prom. Notes, § 181 ; 2 Greenl. Ev. § 172.

Where a consideration is expressed in a deed, it cannot be disproved except by impeaching it for fraud.   *Morse* v. *Shattuck*, 4 N. H. Rep. 229; *Pritchard* v. *Brown*, 4 N. H. Rep. 397.

This action is between the original parties to the notes, or rather those claiming under them, and when the plaintiff rested his case, the evidence stood, a mortgage and assignment duly executed, mortgage notes duly indorsed and outstanding, in favor of the assignee of the mortgagee, and against the grantee of the mortgager.   Hence the question

is not between creditor and assignee, and the reasoning in *Kimball* v. *Farmer*, 12 N. H. Rep. 248, does not apply.

II. The second branch of the case arises upon the sufficiency of the judgment recovered against Charles Thompson, as trustee of Sturtevant, when offered as a defence to this action.

1. That judgment was invalid even as against Sturtevant. Sturtevant was set up in the writ as late of Carroll in this State. The officer returns only that the place of residence of Sturtevant was unknown to him. It did not appear by the writ, or by the return, that he was not an inhabitant of this State. The case finds that he did reside in Moultonborough, within the State. No personal service was made upon him. Indeed, there was no attempt to give notice to him, until nearly three years after the trustee had disclosed. It would seem, by the way, that it would be inequitable to allow a principal defendant to be bound by a disclosure taken before he was brought into court, or had notice of the suit. The order upon Sturtevant, made at the May term, 1851, is in no view sufficient to cure the defect of service. We believe that it has never been the intent of the legislature to allow any other mode of notice or service upon a defendant, actually and continuously resident within the State, except by personal service; but if this were not so, something more must be made to appear to the court than what is recited in this order, that " it is suggested that property is attached, and that no personal service has been made within this State."

2. This judgment is void, so far as charging the trustee upon the notes he had given to Sturtevant. Section 18 of chapter 208 of the Revised Statutes, provides that the court shall make a rule, to be served or published for the information of any person who may claim, in case of a promissory note being disclosed, so that he may appear, &c., and he may have the questions arising on his claim tried by jury, &c. Now in this case no such order was made, or served, or

published. The claimant of the note, the plaintiff in this case, has had no chance to appear or be heard in any way.

1. It may be said in answer to these objections to the validity of this judgment, as a defence to this action, that though they are sufficient and would set aside the judgment upon a writ of error, the plaintiff must have first set aside the judgment for error, and that until that is done the judgment is a good defence to this action. *Smith* v. *Knowlton*, 11 N. H. Rep. 192. Suppose for argument it is granted, that the judgment so far as the parties, the town of Carroll, Thompson and Sturtevant are concerned, is conclusive. It is equally true that a judgment is only conclusive between parties and privies. 1 Greenl. Ev. § 22. A judgment can effect only parties and privies to it. *Denison* v. *Hyde*, 6 Conn. Rep. 508, &c. Now in no way has Horn been a party to the former judgment or privy to the parties therein, so far, at least, as the questions involved in that suit. That action decided at most, first the question of the indebtedness of Sturtevant to the town of Carroll, and secondly, held the rights of Sturtevant against Thompson for the town of Carroll. It could not go further, and conclude the claims of third persons against Thompson; of third persons who had no knowledge of the proceeding.

A judgment is conclusive as between parties, only when the court has jurisdiction of the cause, and the parties. *Smith* v. *Knowlton*, 11 N. H. Rep. 192. But no person is a party to a suit, or bound by a judgment therein, without a judicial notice of some sort. *Shacfer* v. *Gales*, 2 B. Munroe, 453; *Englehead* v. *Sutton*, 7 How. (Miss.) 99; *Clark* v. *Grayson*, 2 Pike 149; *Evarts* v. *Gove*, 10 Vt. Rep. 161.

2. There is a broader, and as we think, a just view of the proceedings and effect of this former judgment, so far as charging the trustee upon the negotiable promissory note is concerned, aside from the objections taken above. Upon general principles, and for reasons growing out of the negotiable quality of notes, one could not be charged as a trus-

tee on account of a negotiable promissory note. *Stone* v. *Dean* and *Trustee*, 5 N. H. Rep. 502. It was not until the passage of the Revised Statutes that any jurisdiction or authority was given to the court to charge a trustee in such a case, and it was only done upon making ample provision for protecting the rights of third persons, giving trial by jury, &c. *Baker* v. *Garland* and *Tr.*, 2 Foster's Rep. 103. Because the right cannot be fully provided for before justices of the peace, it is decided that they have no jurisdiction. See same case. If the court proceeds, under and by virtue of the statute, to charge the trustee in case of a negotiable promissory note, it must proceed substantially in accordance with its provisions, and comply with all the requirements of the statute, as to notice, &c., or its judgment will be without jurisdiction and void. *Smith* v. *Knowlton*, 11 N. H. Rep. 192.

Now we suppose that in this case the judgment against the trustee upon his disclosure, no notice having been given for third persons to come in, is a nullity, not only as to third persons but also to all others; and that we should not be obliged to resort to the other views above presented in order to maintain this action.

3.   But even should the judgment against the trustee be allowed, so far as it goes against the plaintiff in this action, the plaintiff is still entitled to recover a balance upon the mortgage notes. The trustee disclosed himself as owing four notes of $75 each, upon the first of which $25 was indorsed. It appears, indeed, that in October, 1849, and after the disclosure, those notes and the last one for $50, were in the possession of Sturtevant. Now if the trustee is charged, he must be charged according to the terms of his disclosure, and for the notes mentioned in the disclosure. He did not disclose the last note, probably because the first were sufficient to answer the judgment of the plaintiff. If interest is cast upon the notes disclosed, and the judgment deducted, then the payments afterwards made of $100 and $35 *do*

not pay the balance of the $50 note and cost to the time of tender, as set forth in the defendant's brief statement.

4.　It will be observed that the defence stated in the brief statement was pleaded at the May term, 1855, as a plea to the further maintenance of the action, since the last continuance, so that cost would be allowed to the plaintiff in the event of his failing to maintain his suit, to that time.

*Hayward & Whidden,* for the defendant.

BELL, J.　It is objected to the assignment made by Sturtevant to the plaintiff, that no consideration is shown for it. This objection is not well founded.　It is the settled doctrine of this court, that a mortgage is but an incident of the debt, and upon an assignment of the debt, passes with it. *Southerin* v. *Mendum,* 5 N. H. Rep. 420; *Ellison* v. *Daniels,* 11 N. H. Rep. 274; *Rigney* v. *Lovejoy,* 13 N. H. Rep. 247; *Wilson* v. *Kimball,* 7 Foster's Rep. 300.

The notes which here constitute the debt secured by the mortgage, are found to be indorsed by the payee, and such indorsement is *prima facie* evidence of an adequate consideration.　*McDonald* v. *Magruder,* 3 Pet. Rep. 470; *Herrick* v. *Carmand,* 10 Johns. 224; *Russell* v. *Ball,* 2 Johns. 50; *Babson* v. *Webber,* 9 Pick. 163.　And the notes being transferred, the mortgage passed with them.

But if this fact did not appear, the assignment is under seal, and it recites a consideration; and as between the parties to it, such an assignment is evidence of a sufficient consideration for the transfer.　*Morse* v. *Shattuck,* 4 N. H. Rep. 229; *Brown* v. *Pritchard,* 4 N. H. Rep. 397; *Foster* v. *Hall,* 12 Pick. 89.　As the party is bound, so those who claim under him, and are entitled to his rights, are bound to the same extent as himself; and any one who would take advantage of the want of consideration, is bound to show himself either a *bona fide* purchaser, or a creditor, and as such, entitled to inquire into that matter, and he may then

impeach the conveyance, because if it is without considera-tion, it is a fraud upon him. *Clapp* v. *Trull*, 20 Pick. 247; *Kimball* v. *Fenner*, 12 N. H. Rep. 248; *Belknap* v. *Wendell*, 1 Foster's Rep. 184. And in such case, the party who claims under the conveyance, cannot rely on the acknowl-edgment of consideration, in the absence of other proof, as sufficient evidence of consideration, because it is a mere re-cital of a fact, and so not evidence against a stranger. It is at least but hearsay evidence, the statement of a fact by a third person, which is never the equivalent of testimony under oath.

In this case, the defendant does not occupy the position of a creditor, or a purchaser without notice. He appears as the holder of the mortgaged premises, under the mortgager's title, the latter having deceased. To him it is nothing whether the transfer was insufficient against creditors, as he does not assume to be a creditor; but as an assignee of the mortgager's right, he is bound by the acts and admissions of the mortgager, as the mortgager would be, if he was still living, and a party to this proceeding.

II. The defendant claims that before the commencement of these proceedings, he paid a part of this mortgage debt to the creditors of Sturtevant, the mortgagee, under a judg-ment of the court of common pleas, rendered in a trustee process, against Sturtevant, as principal, and himself, as trustee. The case shows that the trustee suit was com-menced before the assignment to the plaintiff, and, of course, under circumstances which would render the trustee proper-ly chargeable, if the proceedings had been regularly con-ducted.

The power of the courts to charge the makers of nego-tiable promissory notes, as trustees of the payees, depends on the provisions of the Revised Statutes, which are a re-vision of the statute of 1841, chapter 601. By section 18 of chapter 208, (Comp. Stat. 529,) it is provided that if any person, summoned as trustee as aforesaid, (that is, in the court

Horn *v.* Thompson.

of common pleas,) is indebted, at the time of such service, or afterwards, to such debtor, by a negotiable promissory note made or payable in this State, or the parties to which, at the time of making the same, resided in this State, the court may make a rule requiring such debtor to appear and answer on oath all interrogatories respecting the possession, transfer or other disposition of such note, and a rule or order of notice to be served upon any individual, or published in some newspaper, for the information of any person who may claim an interest in said note, so that such person may appear and show that the same was transferred to him in good faith, and for an adequate consideration, before the service of such trustee process; and the question whether the same was so transferred to him, shall be decided by the jury, if he or the plaintiff request it.

" Sec. 19. If it shall not appear that the note was so transferred, the promiser shall be charged as the trustee of such debtor, and the payment of the judgment rendered against him shall be a discharge from the note, or from such part thereof as is equal to the amount so paid by him, together with all costs taxed in his favor.

" Sec. 20. If any such debtor shall refuse to appear upon such order of court, he may be arrested and brought into court upon a capias, and fined not exceeding fifty dollars, and if he shall refuse to answer, may be proceeded against as for a contempt of court."

Before the passage of this act, it had been decided by this court that the maker of such a negotiable note could not be charged as a trustee of the payee, and consequently, independently of the statute, the power of the court did not extend to this case.

A court of general jurisdiction may have special and summary powers, wholly derived from statutes, not exercised according to the course of the common law, and which do not belong to it as a court of general jurisdiction. In such cases, its decisions must be regarded and treated as those of courts

of special and limited jurisdiction. *Morse* v. *Presby*, 5 Foster's Rep. 302. In such cases, in whatever way the jurisdiction is limited, whether as to cases, persons or process, the authority must be strictly pursued, or the proceedings must be held extrajudicial and void.

That seems to us the position of the present case. There is no general power conferred in relation to negotiable paper; promissory notes alone are specified. All promissory notes are not embraced in the act, but such only as are made and payable in the State, or the parties to which, at the time of making the same, resided in this State. If an individual should be charged in a case where the negotiable paper was not included in the act, the judgment would be simply inoperative, from the want of power to render such a judgment. In the same way, the statute confers the power to charge the trustee, after a certain course of proceeding. The plaintiff may adopt that course, or not, at his election, but the trustee cannot be charged, unless the statute is pursued, or the safeguards of the statute are voluntarily waived by the parties for whose security they were provided.

These proceedings were designed for the security of the parties claiming an interest in such notes, by transfer from the payee, and the aim of the statute was to secure to them notice of the proceeding by which their rights may be affected, and an opportunity to appear and defend those rights. To secure these objects, the statute provides two separate steps, first, an order upon the principal defendant to appear and disclose his knowledge relative to the possession, transfer or other disposition of the note of the trustee. Stringent remedies are provided to compel such appearance and disclosure, though a doubt has been intimated whether such remedies would be applied, unless the debtor's fees as a witness were previously paid. *Hurd* v. *Fogg*, 2 Foster's Rep. 98.

The object of this proceeding manifestly is to enable the court to judge what should be the form of the next pro-

ceeding, the rule or order of notice to be served upon any individual, or published in some newspaper, for the information of any person who may claim an interest in the note, that he may appear and show his interest.   This is the great object of all the provisions; to cite the party really interested to appear and maintain his right, in pursuance of the great principle of justice every where acknowledged, that no man's rights shall be affected or impaired by any judicial proceeding, unless an opportunity is afforded him to be heard.

In this case, the first of the required orders was made and served, but the debtor did not appear.   The statute does not, in terms, require further proceedings in all cases, but it evidently contemplates that such may be taken by direction of the court.   The purpose in view was apparently not accomplished, and it does not appear that the judgment of the court was exercised upon the question whether further process ought to be issued or not.   As no further proceedings were had, designed to ascertain what parties were interested in the note, or to give them notice to appear, it is not necessary to decide whether it was or was not necessary to proceed further with the debtor.   We can easily imagine cases where no useful purpose could be answered by such proceedings, and they might seem properly dispensed with; as, if the claimant of the note appears, and is admitted to maintain his claim, or if the holder of the note is otherwise ascertained.

The second proceeding, the notice to the claimants personally, if known, otherwise a published notice to all parties interested, we think must be deemed indispensable in all cases where there is an attempt to charge a trustee upon a promissory note.

Perhaps, in any case, where a party claiming an interest in a note, should appear and contest the liability of the trustee, he might be held to have waived the statute notice, and consequently to be bound by a judgment charging the trus-

Horn *v.* Thompson.

tee.  But, in such case, there would be no color to say that
any other claimant could be bound.

Here, where the judgment appears to have been rendered,
there is nothing in the record which shows in whose hands
the notes in question were, nor that any effectual measures
had been taken to inform the court, nor any measures stat-
utory, nor any other to give notice, to any person who might
claim an interest in the notes, to appear and show his right.
This was a complete failure to comply with the statute, and
the court had, as we think, no jurisdiction to charge the
trustee.  But, independently of this ground, the present
plaintiff was in no way bound by that judgment.  He was
a stranger to it.  No point is clearer than that a party is
not bound by a judgment to which he is not a party or privy.
*Warren* v. *Cochran,* 7 Foster's Rep. 339.  Here the statute
intended he should be made a party, but he was not.  He
was the only party really interested in the judgment, and
was not notified of the proceeding.  Under such circum-
stances, he is entitled, like other strangers, to treat it as a
nullity.

If, as has been suggested, there is an error in the case, it
may perhaps be amended.  As it now stands, there must be

*Judgment on the verdict.*