NUTTING *v.* HERBERT.

Where a deed contains a description of the premises conveyed by distinct and definite boundaries, accompanied by a general and indefinite description thereof, the former governs ; and in an action of covenants broken upon such deed, if the declaration set forth the particular description, omitting the general one, it will be sufficient, and there will be no variance between the deed and the declaration.

A deed cannot be contradicted or varied by parol evidence, even to show that part of the premises included within the description was intended to be excepted from the grant, for the purpose of negativing any breach of the cove-

nants contained in it; the conclusive presumption being that the whole engagement of the parties and the extent and manner of it, were reduced to writing.

The measure of damages for a breach of the covenants of seizin and good right to convey, is the consideration paid and interest thereon; and in an action upon such covenants the true consideration may be shown, for the purpose of ascertaining the damages to which the plaintiff should be entitled.

Upon the question of damages in such action, parol evidence is admissible to show that nothing was paid for a portion of the premises contained in the deed —it being known and understood by the parties that this portion was not to pass by the conveyance, as it had previously been sold and conveyed by the grantor, and that the same was included in the description through error, mistake or inadvertence.

In such action, if the jury find that no consideration was paid for the premises included in the deed to which the grantor had no title, the plaintiff is entitled to nominal damages only.

COVENANT BROKEN. It is alleged in the declaration that the defendant, on the 7th of October, 1854, at Rumney aforesaid, by his deed of that date, duly executed, acknowledged and registered, and in court to be produced, for the sum of nine hundred dollars, bargained and sold to the plaintiff a certain piece or tract of land, situate in said Rumney, on the south side of Baker's river, on the main road from Rumney to Wentworth, and is the part of the William Webber farm, situated on both sides of the road, or highway; bounded west by the river and land of Joseph Hall and Jacob Hall; south by Groton line; east by John Nutting and Joseph Hall's land, and north by the river—excepting and reserving all the land which had then lately been laid out for a highway through the pasture to Groton line; it being four rods in width; to have and to hold to the plaintiff and his heirs and assigns forever; and thereby covenanted and agreed to and with the plaintiff, that until the delivery of said deed he was the lawful owner of said premises, and was seized thereof in his own right in fee simple, and had full power and lawful authority to grant and convey the same in manner aforesaid; that the said premises were free and clear from all and every incumbrance whatsoever, and that he would warrant and defend the same to the plaintiff against the lawful claims and demands of any person

or persons whomsoever. And the plaintiff avers that at the time of making and executing said deed, the said defendant was not the lawful owner of said premises; that he was not seized thereof in his own right in fee simple, and had not full power and lawful authority to grant and convey the same in manner aforesaid; nor has the defendant warranted and defended the said premises to the plaintiff against the lawful claims and demands of all other persons whatsoever, but one Ambrose T. Merrill, who then and still had and has lawful right to, and was the lawful owner of a large portion of said premises, to wit: one half acre thereof, with the buildings and appurtenances, entered into said portion of said premises, and turned the plaintiff out of possession thereof, and still withholds the same, and so the defendant has not kept his covenants aforesaid, but has broken the same, to the damage of said plaintiff, as he says, the sum of two hundred dollars.

Plea, *omnia performavit*, and issue thereon.

The plaintiff introduced a deed from the defendant to him, dated the 7th of October, 1854, duly acknowledged and recorded, containing the usual covenants of seizin, ownership, power to sell, against incumbrances, and of warranty, against all persons, commonly inserted in a deed of warranty, and conveying the premises described therein, as follows, to wit: " A certain tract or parcel of land, situate in said Rumney, on the south side of Baker's river, on the main road from Rumney to Wentworth, and is part of the William Webber farm, situate on both sides of said road, and is all of the said farm which I own; bounded on the west by land of Jacob and Joseph Hall and the river; on the south by Groton line; on the east by John Nutting's and Joseph Hall's land, and on the north by the river. Reference is had to all of the deeds of said land to me, meaning hereby to convey what I now own, excepting and reserving all the land which has lately been laid out for a highway through the pasture to Groton line, by the road commissioners, being four rods in width." The defendant objected that the deed did not sustain the declaration.

The plaintiff introduced as a witness Ambrose T. Merrill, who testified that the defendant had possession of the William Web-

ber farm, in Rumney, for several years prior to the conveyance to the plaintiff; that on the 30th of October, 1849, the defendant conveyed to the witness, by deed of warranty, which was produced, a tract of land, containing about one half acre, with a dwelling-house thereon, known as the Ford house; that this half acre was included within the boundaries described in the deed from the defendant to the plaintiff; that said premises, as bounded in the plaintiff's deed, were a part of the William Webber farm, and that the said half acre was a part of that farm, and known as such; that the witness went into the possession of said house and half acre immediately upon taking his deed, and occupied them until 1854, and since then the premises have been occupied by another person under the witness; that at some time prior to the conveyance from the defendant to the witness, one Ford had for several years occupied the said dwelling-house; that at the time while he so occupied it, and down to the time when the witness took possession, in 1849, there was no fence around the half acre or any portion of land about the dwelling-house, to divide it from the rest of the William Webber farm, and that the witness, soon after he came into possession of the half acre, enclosed it by a fence on all sides, which had ever since been kept up by the occupant of the house.

The defendant then introduced the depositions of John Nutting and Hannah Collins. Said Nutting testified that he was the brother of the plaintiff; that since August, 1854, he has lived on a part of the Webber place, about fifty rods from the house on the farm occupied by the plaintiff, who has lived there since November, 1854; that a short time before the plaintiff took his conveyance, the witness contemplated the purchase of the farm of the defendant, and was shown the boundaries; that the house and barn now occupied by the plaintiff was shown to the witness as the buildings belonging to the farm, and the house on the half acre then occupied by said Merrill was not pointed out or shown as belonging to the farm, except so far as it might be considered as shown by the boundaries being shown; that the witness did not have any expectation or understanding, one way or the other,

as to whether the house was to go or not with the farm, if he bought; that he informed the plaintiff that the farm might be bought, and that soon after the plaintiff made the purchase.

Said Hannah Collins testified that she lived on the Webber place, in the house now occupied by the plaintiff, in the summer and fall of 1854; that about the time the plaintiff purchased, he came to look at the house, and the witness asked him if he had purchased, and he said he had not, but talked of buying; that he examined the house, and asked where the water was got; that the witness told him that he would have to get it from Mr. Merrill's, as there was none on the place; that the witness then pointed out to him Mr. Merrill's house, which was the house on the half acre, and informed the plaintiff that that place belonged to Mr. Merrill; it once belonging to the farm, but had been sold off; and that the witness pointed out to him a moat and some bushes in sight, up to which the lines of Merrill's land came; that the house on the half acre is but a short distance, a few rods, from the house in which the plaintiff lives, and in view from it; that a few days afterwards she was notified by the plaintiff to move out of the house, he having purchased; and that she did so, and went into the house on the half acre to live, and had lived there ever since without being called on by the plaintiff to pay rent, or being notified by him to leave.

The plaintiff objected to the competency of this testimony.

By consent of parties the cause was taken from the jury, and it is agreed that the declaration and pleadings, the deeds from the defendant to the plaintiff, and to Merrill, and the depositions of said John Nutting and Hannah Collins, may be referred to in the argument by either party, and that such judgment shall be rendered in the case, upon an agreed statement of facts, as the Supreme Judicial Court may order. If for the plaintiff, then the damages are to be assessed by a jury, or by an auditor, as the plaintiff may elect.

*Flint & Bryant,* for the plaintiff.

*Quincy & Herbert,* for the defendant.

Nutting v. Herbert.

FOWLER, J.   The first question presented relates to the alleged variance between the declaration and the deed offered in evidence to support it.   We have considered it, and do not think the exception can be sustained.

A deed must be pleaded according to its legal operation, and the contract set forth either in its precise words, or according to its legal effect.   1 Chitty's Plead. 351, 352.   But it is always sufficient to set forth the substance and legal effect of any contract, and generally this is the preferable mode of declaring.   1 Chitty's Pleading 302; *Lent* v. *Paddleford*, 10 Mass. 230.

The plaintiff has undertaken in the present case to set forth the substance and legal effect of the defendant's deed to him, and we think successfully.   He states the substance of the description of the land to be that portion thereof giving the distinct and definite boundaries of the tract, and we are satisfied such is the legal effect and true construction of the description.

Where a general description of the land intended to be conveyed is given in a deed, and also the particular boundaries, the latter are to govern.   *Thorndike* v. *Richards*, 1 Shepley 430.

A general description of land in a deed may be enlarged, and is to be controlled by a subsequent particular description.   *Tenney* v. *Beard*, 5 N. H. 58; *Barnard* v. *Martin*, 5 N. H. 536; *Woodman* v. *Lane*, 7 N. H. 241.

If the first part of the description in a deed is complete in itself, but further matter of description is added which modifies or controls what precedes it, the latter part is not to be rejected as repugnant, but the whole language of the deed is to be construed together, if it may be, in order to ascertain the true construction.   *Clough* v. *Bowman*, 15 N. H. 504.   If the first part of the description is general, and the latter particular, so far as they are inconsistent the former must yield to the latter.   *Drew* v. *Drew*, 8 Foster 489, and authorities.

When other means of ascertaining the true construction of a deed fail, the settled principle is, that that construction must prevail which is most favorable to the grantee.   *Clough* v. *Bowman*, 15 N. H. 513, and authorities; *Cocheco Company* v. *Whittier*, 10 N. H. 305.

Applying these well established principles of construction to the deed from the defendant to the plaintiff, we think there can be no doubt that the legal effect of the deed is correctly set forth in the declaration as a conveyance of the tract of land particularly described in it, the general description, " all of the said farm which I own," and " meaning hereby to convey what I now own," yielding to the particular description by metes and bounds, both as more definite and as more favorable to the grantee.

As to the competency of the depositions of John Nutting and Hannah Collins, it is a well settled rule of law that where parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing; and all oral testimony of the previous conversation between the parties, or of conversation or declarations at the time the contract was completed, or afterwards, is rejected, as it would tend in many instances to substitute a new and different contract for the one really agreed upon, to the possible prejudice of one or the other of the parties. 1 Greenleaf's Ev. 275, and authorities.

A deed cannot be contradicted or varied by parol evidence, even to show that part of the premises included within the description were intended to be excepted from the grant. *Jackson* v. *Gray*, 12 Johnson 427; *Austin* v. *Sawyer*, 9 Cowen 39; *Conner* v. *Coffin*, 2 Foster 238, and authorities; *Milling* v. *Crankfield*, 1 M'Cord 258.

The testimony of Nutting and Collins could not, then, be received to contradict or vary the deed from the defendant to the plaintiff, by showing that the house and land owned and occupied by Merrill were not intended or understood to be included in the conveyance, for the purpose and with the result of negativing any breach of the covenants of seizin and good right to convey, for which, in part at least, they seem to have been offered.

But they were admissible on the question of damages. The measure of damages for the breach of the covenants of seizin and

Nutting v. Herbert.

good right to convey, is the consideration paid and interest thereon. In the case before us, Merrill was in possession of the premises in controversy at the date of the conveyance from Herbert to the plaintiff, and has so continued without interruption or claim of the plaintiff. There can, therefore, be no question that the proper measure of damages must be the consideration paid, and interest. *Bickford* v. *Page*, 2 Mass. 455 ; *Marston* v. *Hobbes*, 2 N. H. 433 ; *Ela* v. *Card & al.*, 2 N. H. 178. And in an action for the breach of these covenants, the true consideration, for the purpose of ascertaining the damages to which the plaintiff may be entitled, may be shown, notwithstanding a different consideration may be expressed in the deed. *Moore* v. *Shattuck*, 4 N. H. 229.

Whatever evidence, therefore, tended to show the consideration actually paid for the premises before granted to Merrill, or to show that no consideration was paid for them, for the reason that it was known and understood by the parties that they were not to pass by the conveyance, was competent and admissible on the question of damages, although inadmissible upon the issue raised under the plea of *omnia performavit*. If the jury or an auditor should find that nothing was paid for the Merrill place, although it is clearly included within the deed, but that both parties knew and understood it to have been previously sold, and that in fact it was included in the deed by mistake or through inadvertence, the plaintiff would be entitled to nominal damages only.

The precise question involved in the exception to this evidence came before the Supreme Court of Massachusetts in *Leland* v. *Stone*, 10 Mass. 459, upon exceptions to the ruling of the judge at *nisi prius* admitting similar testimony, and it was there held that the testimony was properly received, and the jury, having returned a verdict for nominal damages only, a new trial was refused. The reasoning of the court, in the opinion of Justice *Jackson*, in that case, seems to be sustained by principle as well as authority, and is quite satisfactory and conclusive. It was fully sanctioned and approved in this State in the case of *Barnes* v.

*Learned,* 5 N. H. 264, and we see no reason to question its correctness, or the soundness of the doctrine established by it.

As we are of opinion that the plaintiff is entitled to judgment on the case transferred to this court, it must be remitted to the Common Pleas, with an order, that the amount of damages be determined by the jury or an auditor, at the election of the plaintiff, according to the agreement of the parties.