J. G. SENCERBOX, Plaintiff in Error, *vs.* FRANK McGRADE, Defendant in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

When an agent or attorney contracts on behalf of his principal, he must do so in the name of the principal, or the latter is not bound. When any one has authority to do an act, it should be done in the name of him who gives the authority; not in the name of the agent or attorney.

Although a mere receipt acknowledging payment of money may be varied or contradicted by parol, yet where it contains an agreement, condition or stipulation between the parties, it is in the nature of a contract, and is not liable to be varied by parol. So where a bill of sale named the vendee as J. W. S., agent for J. G. S., it was improper to admit parol proof that the sale was to J. G. S.

When a party states that he "was acting as agent for his brother," in a certain transaction, *non constat,* but that he might have been so acting on his own assumption and without any authority. Neither the declaration of a party, nor his acts, can be given in evidence to prove that he is the agent of another.

Points and Authorities of Plaintiff in Error.

I. The bill of sale and receipt of purchase money, a copy of which appears in the case, (see folios 14, 15,) is not such a written contract as cannot be varied by parol, even had the action been between the parties to the bill or receipt.

II. There is no rule of law which will preclude a party from showing the fact of ownership of property as against a wrong doer, by parol or other evidence.

III. The sale of the furs to Sencerbox, and payment of the purchase money, and the notice of that fact to Ferrier, the holder or bailee of the property, and the request of Sencerbox

to Ferrier to hold the property subject to his order, and a delivery of that notice and request to Ferrier by Burdick, the vendor, was a full and perfect delivery of the property to Sencerbox ; 1st, because there was nothing left for the vendor to do in the premises ; 2d, because the vendor parts with all control or right to control the property, and the right of Sencerbox to control the property, attached *eo instanti* upon the payment of the purchase money, as against Burdick, the vendor, and against all other persons except *bona fide* purchasers for a valuable consideration, without notice ; 3d, because, when Burdick, the vendor, delivered the notice to Ferrier of the sale of his entire interest in the furs to Sencerbox, then that was a delivery to the agent of Sencerbox for the use of Sencerbox, and consequently was a perfect delivery to Sencerbox.

IV. There was no uncertainty in the transaction ; nothing remained to be done except to compute the number of the skins between Sencerbox and Ferrier, as partners, and to determine their respective grades by the market, which, it appears by the testimony of J. W. Sencerbox, was to be done by him. Burdick had nothing further to do in the premises.

V. The title of property passes as between the parties when a sale for a valuable consideration is completed without either payment or delivery. *Hoban vs. Bidwell*, 16 *Ohio, Rep.* 509. See also *Willis vs. Willis*, 6 *Dana, Rep.* 59, 60 ; *Wing vs. Clark*, 24 *Maine Rep.* 366 ; *Olyphant vs. Baker*, 5 *Denio*, 379.

VI. If the sale was valid between the parties, it is valid against a judgment creditor ; a judgment creditor is not a *bona fide* purchaser for a valuable consideration, because a judgment creditor comes in under, and not through, the judgment debtor. See 2d *Minn. Rep. Greenleaf vs. Edes, et al.*, 271, and cases there cited.

Points and Authorities of Defendants in Error.

I.—The Plaintiff failed to make title to the property for the recovery of the value of which he brought this action.

The bill of sale under which he claimed title was made to J. W. Sencerbox, and not to him. J. W. Sencerbox was the

contracting party, and the addition of " agent for J. G. Sen-
cerbox " is only a description of the person—a fact stated and
to be proved to identify J. W. S. as the contracting party.
That part of the contract relative to the delivery of · the pro-
perty is " unto the said J. W. Sencerbox," without the addi-
tion, and so. is the purpose of the delivery as stated in the
writing. If the title ever passed from Burdick, it passed to
J. W. and not to J. G. Sencerbox. This is very clear from
the language of the writing, and the notice to Ferrier con-
firms it. 1 *Cow. Tr.* 75, *2 ed;* 6 *John. R.*, 94; 7 *Cow. R.*, 454;
10 *Wend. R.*, 87; 7 *Mass. R.*, 19; 20 *Wend. R.*, 251; 8 *Mass.
R.*, 103.

II.—Parol evidence was not admissible to change the par-
ties to the contract, or its legal effect. It is not simply a
receipt, but it is a receipt of money on a contract, the terms of
which and parties to which are defined in it. Such contract
is just as unchangeable in its terms, and just as independent
of parol evidence, as if the same terms were reduced to the
most-approved form and signed by the parties, and the receipt
simply endorsed thereon.

It matters not in what capacity J. W. S. was acting, or
pretending to act, when he made the contract, or whose
money he paid. Those facts cannot change the contract as
made from one party to another. The intention of the con-
tract, as well in regard to parties as to terms, must be deter-
mined by the names and language used in the writing, and a
failure to meet the intention cannot be supplied by parol to
change either the parties or terms. 1 *Greenlf. Ev.*, sec. 275-
76, *&c.;* 11 *Mass. R.* 27; 4 *Hill R.* 104-7; 20 *Wend. R.*, 251.

III.—Even though it be admissible to prove by parol that
J. W. S., in making such contract, was acting as agent for his
brother (Plaintiff), he fails to show that he, in fact, was such
agent. He does not show that he ever derived any authority
from Plaintiff to make any such contract for him. For aught
that appears to the contrary in the evidence, his acting as
agent was a pretence—an assumption. It certainly does
not appear affirmatively or positively, as it should, that
the Plaintiff ever employed J. W. S. to make such con-
tract or authorized him to pay money on it. There does not

appear in the case any fact, either prior or subsequent to the contract, connecting the Plaintiff with the contract, in any manner binding him to its terms, or vesting him with any rights under it. 2 *Greenlf. Ev.*, sec. 59-60, *&c.*, Title " *Agency*"; *Ham. Pr. and Agt.*, 312; 1 *Camp. R.*, 478; 1 *Esp. Cas.* 83.

IV.—The contract was executory. The title to the property had not passed at the time the Defendant took it. In fact it never passed.

The quantity was not known. The property had never been seen by either the vendor or purchaser. An examination, assorting and connecting, was necessary to complete and execute the contract.

The qualities, and the quantity of each quality, were unknown, undetermined, and the contract could not be executed without an examination and assorting of qualities. That remained to be done.

The prices of the inferior grades were not fixed, nor were the means of fixing them afforded by the contract. Those remained to be agreed upon.

Neither the property included, or intended to be included in the contract, or the amount to be paid for it, was identified or fixed by the contract, but remained for future action to determine both, before it could be executed.

So long as any of these things, or any one of them, remained to be done, the contract was executory, and the title remained in the vendor, whatever may have been the terms of it. The statement in the contract that the vendor delivered the property, does not constitute a delivery, or change the title. The facts show that there was not, in fact, a delivery,—that there could not be; for even the identity of the property was unknown to either of the parties. 1 *Cow. Tr.* 50, 2 *ed.*; 15 *John. R.*, 349; 3 *Mason R.*, 112; 15 *Wend. R.* 221; 7 *Cow. R.* 85; 5 *Cow. R.*, 250; 2 *Kent Com.*, 495-96, 3*d ed.*; 2 *Com. R.* 256; 5 *Denio R.*, 379; 2 *Hill R.*, 137.

L. M. Brown, Counsel for Appellant.

A. G. Chatfield, Counsel for Respondent.

*By the Court*—ATWATER, J.—The Plaintiff in Error brought suit to recover the value of certain furs, of which he claimed to be owner on the 3d day of May, 1861, alleging the same to have been wrongfully taken by the Defendant, and converted to his own use. The answer denied the ownership of the Plaintiff, alleging the property belonged to one Burdick, and justified the taking under an execution against Burdick. A jury trial was waived, and the cause tried by the Court, and judgment rendered for the Defendant. The Plaintiff brings the cause to this Court by writ of error.

No evidence was introduced on the part of the Defendant, the motion for judgment having been made on the pleadings, and evidence introduced by the Plaintiff. That evidence was brief, as stated in the paper book, and the material part as follows :

" The Plaintiff produced Jarvis W. Sencerbox as a witness on behalf of said Plaintiff, who, being duly sworn, testified as follows, to-wit : The Plaintiff is my brother ; I purchased of Burdick the undivided half of the furs in Mr. Ferrier's possession on the 3d day of May, 1861 ; exhibited bill of sale, of which the following is a copy ;

'Received, Shakopee, May 3, 1861, from J. W. Sencerbox, agent for J. G. Sencerbox, of the city of Brooklyn, in the State of New York, the sum of fifty dollars on account of furs now in the possession of James Ferrier, the undivided half of which I have this day sold to the said J. W. Sencerbox, agent for the said J. G. Sencerbox, at the following prices, viz.: No. 1 mink, one 50-100 dollars ; No. 1 Otter, four dollars ; muskrat, twelve cents ; red fox, one dollar 25-100 ; prairie wolf, seventy-five cents ; coon, fifty cents ; inferior grades at proportionate rates ; and in consideration of the payment as aforesaid, I have delivered unto the said J. W. Sencerbox the undivided half of said furs, now in possession of said Ferrier, to take possession of or dispose of as he, the said J. W. Sencerbox, may desire.      V. H. BURDICK.'"

The witness was then asked this question : "In what capacity were you acting in purchasing the property ?" which was objected to on the ground that it tended to vary and

change the written contract. The objection was overruled, and the witness answered, "I was acting as agent for my brother."

The witness was also asked, "with whose money the payment was made?" which was also objected to by Defendant, the objection overruled, and the witness answered, "I paid him a certificate of deposit on the Bank of Commonwealth, sent me by my brother; it was my brother's money. I sent a written notice to Mr. Ferrier by Mr. Burdick, on the day that I made the purchase. I know that Mr. Ferrier received the notice." Notice produced and read in evidence as follows :·

"SHAKOPEE, May 3, 1861.

"*Mr. James Ferrier :* Please retain in your possession the undivided half of the furs this day sold me by V. H. Burdick, until otherwise directed by me. Yours truly,

"J. W. SENCERBOX."·

On cross examination the witness testified : "I never saw the property myself. I took Mr. Burdick's word for the property. I had no personal knowledge that he had any such property. I understood that the property was at Louisville about six miles from here. It was not ascertained at the time how many of number one, or of a lower grade of fur there was at the time of the sale. I did not know how many mink skins there was at all. It had got to be ascertained afterwards how much of the $50 was to apply on the mink ·skins, but I expected there would be more than $50 worth. There were no prairie wolf skins at all. I did not know how many coon skins there were at the time. There was no understanding between Mr. Burdick and myself as to the price of the inferior grades of fur, further than that stated in the bill of sale. The number and quantity had got to be ascertained afterwards. I supposed there was more fur, and Mr. Burdick said he supposed there was more at the time of sale."

There was some further testimony, but not materially changing the above, and no other as to the person to whom the sale was made, or as to the agency of J. W. Sencerbox.

It will be observed, that J. W. Sencerbox testifies in the first instance that he purchased the furs of Burdick. The bill

vol vi.—62

of sale also introduced in evidence, by the plaintiff, shows that the furs were sold to J. W. Sencerbox, and delivered to him, so far as any delivery is shown. It is true he is designated as "agent for J. G. Sencerbox," but this must be regarded as *descriptio personæ*, as the terms of the instrument are direct and positive that the sale was made to J. W. Sencerbox. When an agent or attorney contracts on behalf of his principal, he must do so in the name of the principal, or the latter is not bound. When any one has authority to do an act, it should be done in the name of him who gives the authority, not in the name of the agent or attorney. 7 *Cow.*, 453, 9 *Cow.* 76, 7; 10 *Wend. R.*, 87; 20 *Wend.* 251; 24 *Wend.* 345; 7 *Mass.* 19, 8 *id.* 103; 6 *Hill*, 240.

With reference to the instrument in writing signed by Burdick, which was introduced by the plaintiff in evidence, I do not think it was competent for the plaintiff to contradict or vary it by parol. It is obviously more than a simple receipt, and is more analogous to a contract of sale. It contains the names of the parties to the contract, the terms and conditions of sale, and attempts to make or show a delivery of the property. And though a mere receipt acknowledging payment of money may be varied or contradicted by parol, yet where it contains an agreement, condition or stipulation between the parties, it is in the nature of a contract, and is not liable to be varied by parol. 3 *Cow. and Hill's notes to Phil. on Ev.* 383; 4 *id.* 582, and cases cited. At all events, the plaintiff must take the instrument as a whole, if at all, and cannot claim the benefit of a part, and reject such parts as he thinks prejudicial to his case. With the instrument remaining in evidence, it was improper to admit parol proof to show that the sale was to J. G. Sencerbox, the plaintiff, instead of to his brother. It will also be observed in connection with the consideration of the point, as to whom the furs were sold, (as disclosed by the written evidence,) that the notice served on Ferrier, by J. W. Sencerbox, speaks of the furs as "this day sold *me*" by Burdick, without any reference to his capacity as agent.

But there is still another objection to the plaintiff's right of action, even though all the evidence had been properly

received. The plaintiff entirely fails to show that J. W. Sencerbox was in fact his agent in the purchase of these furs. All the testimony tending to prove such fact is in the answer to the two questions above cited, and taken under objection. Sencerbox testified that in making the purchase he acted as agent for his brother. But neither the declarations of a man nor his acts can be given in evidence to prove that he is the agent of another. 3 *Cow. and Hill's notes to Phil. on Ev.* 412, and cases cited. But the witness does not even state that he was actually the agent of J. G. Sencerbox, nor that he was ever employed by him, for the purpose of purchasing furs, or for any other purpose, nor that he was furnished with money for such purpose. He merely states that he " was acting as agent for his brother," but *non constat*, that he might have been so acting on his own assumption, and without any authority. So far as the testimony appears, there is no privity of contract between the plaintiff and Burdick, nor any right of action on the part of either as against the other, for breach of contract. No original authority from plaintiff is shown to his brother, nor any ratification of his acts, unless bringing suit be considered such, and no authority whatever is shown from plaintiff for commencing the action. We think the plaintiff fails in making title to the property which is the subject of the action. This view of the case renders it unnecessary to examine the other points raised on the argument. The judgment below is affirmed.