MARCH 12, }
  1875.  }                  QUIMBY *v.* STEBBINS.

A conveyed a dwelling-house to B, and continued to occupy it several
weeks after the deed.   In an action of assumpsit by B against A for use
and occupation of the premises during this period—*Held*, that parol
evidence of a contract that A should thus occupy as part of the con-
sideration of the conveyance did not tend to contradict the deed, and
was properly admitted in answer to the claim for rent.

ASSUMPSIT, for the use and occupation of the plaintiff's dwelling-
house.

The defendant conveyed the premises to the plaintiff by deed, exe-
cuted June 9, but remained in the occupation of them till August 25,
1870 ; and the question was, whether, by agreement of the parties, he
was to pay rent or not during that time.   The deed contained no reser-
vations, and was in the ordinary form of warranty deeds.

Subject to the plaintiff's exception, the defendant was permitted to
testify that he had a talk with the plaintiff, about the tenth day of
May, in which it was agreed that the plaintiff might have the premises
as they then were (some portions of the house and the grading about
it being unfinished) for $1,200, or that the plaintiff might have the
premises for $1,500, the defendant to finish the repairs, with the privi-
lege of occupying the premises rent free till the tenth day of Septem-
ber.   " We agreed to call it a trade on the latter proposition."   Sub-
sequent to this conversation, the parties fixed upon the ninth day of
June for making the writings.   On the ninth day of June, the defendant
made and signed a deed of the premises.   Subsequently, on the same
day, the parties met at the office of William Heywood.   At that time
$1,000 of the purchase-money had been paid, and a note for $500 was
then made, together with a mortgage of the same premises for security,
and the papers were exchanged by the parties.   At that time and place,
but before the delivery of the deed, or the writing of the note and the
execution of the mortgage (as the defendant testified), something
was said about the defendant's moving out sooner than the tenth of
September, if he could conveniently do so ; but " it was agreed that,
as the parties understood about that, it was unnecessary to put it in
the deed."

William Heywood testified, that at some time during the writing of
the note or mortgage, at his office, both parties being present, it was
said that the defendant was to remain in the occupation of the premises
awhile.   "I asked whether they wanted a writing about that.   They said
no, they would fix it among themselves; that they understood it.   Don't
remember anything more being said ; no recollection of anything being
said about rent."   There was other and conflicting evidence on this
point.

The plaintiff excepted to " all the verbal testimony of conversations

between the parties at the time, and before the writings were made and delivered ; " and the plaintiff requested the court to charge the jury as follows :

" 1. In case there was no agreement as to rent of the premises *after* the writings were made and delivered, and the defendant occupied, as appeared in the case, the plaintiff is entitled to recover the fair value of the use of the premises while the defendant was in occupation, without further proof.

" 2. The evidence of the defendant and of Mr. Heywood is not competent to show an agreement for occupation rent free, because made before delivery of the papers.

" 3. In the absence of any agreement to pay or not to pay rent, made *after* the execution and delivery of the writings, the plaintiff would be entitled to recover the fair value of the rent, by proof of occupation, and the value thereof alone."

The court refused to give these instructions, and the plaintiff excepted.

The court instructed the jury that " the occupation of the premises by the defendant after the delivery of his deed was *prima facie* evidence of a tacit agreement to pay rent; but it might be rebutted by evidence of an agreement to the contrary, whether such agreement were made before or after the trade was actually concluded by the parties." To these instructions the plaintiff excepted.

Verdict for the defendant. The case was reserved.

*Ray & Drew*, for the plaintiff.

*Pinkham* and *Burns & Heywood*, for the defendant.

LADD, J. The dispute was not as to the defendant's right to occupy the house after his deed, but as to the terms upon which he occupied it; in other words, whether the rent was included in and formed part of the consideration of the conveyance. The deed is silent on both points. The defendant, in fact, occupied, but whether he paid the rent in advance, or whether it was still due and unpaid, was, in effect, the question at the trial.

What the deed showed was, that the title, carrying with it, of course, the right of immediate possession, passed to the plaintiff June 9, 1870. By evidence outside the deed it was shown that the defendant occupied the premises until August 25, 1870. What has the deed to do with the terms of that occupation, any more than if it had occurred ten years after its execution ? Suppose the defendant's claim had been that in some other trade between him and the plaintiff a compensation for this rent was reckoned and allowed : would there be any pretence that such fact could not be shown by parol, as an answer to the plaintiff's action to recover the rent over again ? What difference does it make that compensation for the occupation was reckoned and allowed by agreement in the trade respecting the same premises, and as part of

the consideration for the deed ? I think none. The transaction was outside and independent of the deed, though incidentally connected with it; and the evidence no more tended to contradict the terms of the deed, than would evidence that the defendant at the time of the trade paid the plaintiff fifty dollars in cash for two and one half months' rent of the house.

The instructions to the jury were sufficiently favorable to the plaintiff, and were clearly right. The requests for instructions were all based on the assumption that parol evidence of an actual contract respecting the occupation was inadmissible, and were therefore properly refused. There should be judgment on the verdict.

Cushing, C. J. The defendant in this action had the use of the farm in question for two months after the delivery of his deed to the plaintiff. It is conceded that by that deed the fee in the property and the right of immediate possession passed to the plaintiff. It is not claimed that if the plaintiff had refused to let the defendant occupy, the defendant would have had any right of action for the breach of a verbal contract to let him occupy the farm.

But the defendant, not denying the plaintiff's right to the possession of the land, and not denying that he would be liable to pay for it if he has not paid for it, and not denying the receipt of the consideration so far as is necessary to support the deed, proposed to show that a part of the consideration of the deed was by agreement to be applied in payment of this rent. If so much of the consideration of the deed had been left in the plaintiff's hands unpaid, the defendant might have maintained an action to recover that balance. He may equally well show that so much of the consideration money of the deed has been paid by the plaintiff and received by him, by its being appropriated to the payment of this rent. *Preble* v. *Baldwin*, 6 Cush. 550. For the general doctrine in regard to inquiring into the consideration of a deed, see *Pritchard* v. *Brown*, 4 N. H. 397, *Buffum* v. *Green*, 5 N. H. 71, 82, *Morse* v. *Shattuck*, 4 N. H. 229, *Nutting* v. *Herbert*, 35 N. H. 120, and *Horn* v. *Thompson*, 31 N. H. 562.

It appears to me, therefore, that the exceptions must be overruled.

Smith, J. The parol evidence in relation to the occupation of the premises after the execution and delivery of the deed, June 9, 1870, could not have the effect to control the operation of the deed. If it had been offered for any such purpose, it would undoubtedly have been inadmissible. It was only received to show that the defendant remained in possession of the premises till August 25, by permission of the plaintiff, upon an independent agreement that he was to pay the rent therefor. *Kent* v. *Kent*, 18 Pick. 569, is a case directly in point.

A receipt is always open to explanation. The acknowledgment in the deed of the consideration is nothing more than a receipt, although under seal. *Wilkinson* v. *Scott*, 17 Mass. 249 ; 3 D. & E. 474.

A man is estopped by his deed to deny that he granted or that he

had good title to the estate conveyed ; but he is not bound by the consideration expressed, because that is known to be arbitrary, and is frequently different from the real consideration of the bargain. 14 Johns. 210, cited in *Wilkinson* v. *Scott, supra.* It is seldom true, for often credit, either in whole or in part, is given.

In *Preble* v. *Baldwin,* 6 Cush. 649, parol evidence, proving an additional consideration to that stated in the deed, was objected to as inadmissible, as tending to vary and contradict the terms of the deed. The court overruled the objection, remarking " we do not consider this an open question ; "—and in *Davenport* v. *Mason,* 15 Mass. 85, it was held that parol evidence, though not admissible to contradict or vary the terms of a deed, may be admitted to establish an independent fact, or to prove a collateral agreement incidentally connected with the stipulations of a deed or other written contract.

*Swisher* v. *Swisher's Adm'r,* 1 Wright's Rep. 755, cited in 3 Phill. Ev. 1479 (ed. 1843), and cited in the defendant's brief, is exactly in point. It was there held that an agreement between the grantor and grantee, contemporaneous with the deed, that the grantor should occupy the premises rent free, might be received in evidence, not being inconsistent with the deed, but an independent fact.

*Exceptions overruled.*