## GOODWIN *v.* GOODWIN.

A writing partaking of the character both of a receipt and a contract may be varied and controlled by parol evidence, so far as it is a receipt; but in other respects it stands like any other written contract, and cannot be contradicted by parol evidence.

If a written contract has one distinct meaning in reference to the circumstances of the case, evidence that the signer intended to express some other meaning is not admissible in the absence of fraud or mistake.

ASSUMPSIT, to recover of the defendant, who is executrix of the will of Elisha Goodwin, Jr., deceased, the sum of $100, and interest from March 19, 1878, being the amount of an annuity bequeathed to the plaintiff by the defendant's testate; also the sum of $45.75 and interest from March 19, 1878, being the amount of an annuity bequeathed by the defendant's testate to Betsey Goodwin, wife of the plaintiff, for the proportionate part of one year before her decease. Plea, (1) that the defendant, April 14, 1877, paid the plaintiff $100, and $45.75, and interest from March 19, 1878, in satisfaction of said sums; (2) that the defendant, April 14, 1877, paid the plaintiff $2,500, in full satisfaction and discharge of said sums mentioned in the declaration. Replications traversing the pleas, and issue joined.

The defendant offered in evidence the following receipt:

"CARROLL, SS.                                    PROBATE COURT,
        March adjourned Term, 1877, to wit, April 13th, 1877.
In the matter of the proof of the will of Elisha Goodwin, Jr.

"In consideration of twenty-five hundred dollars to me paid by Martha A. Goodwin, executrix of said will, I hereby waive all right to contest said will or the proof thereof, and all claim I have or might have as heir of said deceased.

                                        ELISHA GOODWIN."

It appeared that the defendant offered the will of the deceased for probate in the probate court; that the deceased died, leaving no children; that his heirs were his father, who is the plaintiff, and a widow, who is the defendant; that the plaintiff appeared in the probate court and contested the will; that a partial hearing was had at the March term, 1877, and was adjourned; that, during the adjournment, and on the 14th day of April, 1877, the parties had a settlement, resulting in the defendant's paying the plaintiff the sum of $2,500, and the plaintiff's delivering to the defendant the receipt above named. The plaintiff contended that the receipt was conclusive evidence of what the settlement included.

The defendant was allowed, subject to the plaintiff's exception, to introduce parol evidence as to what was settled. The plaintiff contended that the sum of $2,500 was paid, in consideration that the defendant would not further oppose the probate of the will.

The defendant contended that that sum was also paid in full satisfaction and discharge of the annuities given by the will to the plaintiff and his wife. Verdict for the defendant.

*Smith*, for the plaintiff.

*Copeland & Edgerly* and *B. C. Carter*, for the defendant.

FOSTER, J. These two principles of law are elementary : a written receipt may be explained, varied, or contradicted by oral evidence; a written contract may not. A receipt may be either a mere acknowledgment of payment or delivery, or it may also contain a contract to do or refrain from doing something in relation to the money paid or the thing delivered. In the former case, it is merely *prima facie* evidence of the fact, and not conclusive, and therefore the fact which it recites may be contradicted by parol testimony. But in the latter case, being a contract between the parties, it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol. 2 Pars. Con. 555. A writing which partakes of the nature both of a contract and a receipt may be contradicted and explained in regard to any fact which it erroneously recites, but in other respects it is to be treated like other written contracts. 1 Gr. Ev., *s.* 305, and note; *Smith* v. *Holland*, 61 N. Y. 635.

The writing before us, denominated a receipt, partakes of this double nature. In so far as it may be regarded as a receipt, it is capable of explanation and contradiction with regard to any fact erroneously recited; but in its main features it is more properly to be regarded as a contract, made binding upon the plaintiff by his signature, and on the defendant, by being delivered to and accepted by her. In this aspect it could no more be varied or controlled by oral evidence than any other written contract between the parties. *James* v. *Bligh*, 11 Allen 4; *Egleston* v. *Knickerbacker*, 6 Barb. 458; *Kellogg* v. *Richards*, 14 Wend. 116; *Coon* v. *Knap*, 8 N. Y. 402, 405; *Ryan* v. *Ward*, 48 N. Y. 204, 207, 208; *Henry* v. *Henry*, 11 Ind. 236. Each of the cases above cited bears a strong resemblance to the case before us in respect to the peculiar character of the written instrument which was the subject of contention. See, also, *Brown* v. *Cambridge*, 3 Allen 474; *Sencerbox* v. *McGrade*, 6 Minn. 484; *Wykoff* v. *Irvine*, *ib.* 496; *Brown* v. *Brooks*, 7 Jones Law (N. C.) 93; *Capps* v. *Holt*, 5 Jones Eq. (N. C.) 153; *Harrison* v. *The Juneau Bank*, 17 Wis. 350.

By the terms of the writing in this case, the signer, in consideration of $2,500, agrees that he will waive or release all claim he has or might have as heir of the deceased. The contract is positive. It might, perhaps, be avoided by showing that the plaintiff's signature was obtained by fraud, or through a mistake or misapprehension of material facts. But nothing of that sort is claimed; and the interpretation of written contracts being a matter for the court to pass upon, parol evidence is not admissible to show that common words, the meaning of which is plain, and which do not appear from the context to have been used in a peculiar sense, were in fact so used. If the document has one distinct meaning in reference to the circumstances of the case, it must be construed accord-

ingly, and evidence that the signer intended to express some other meaning is not admissible. Step. Dig. of Evid., art. 91; *Miller* v. *Travers*, 8 Bing. 244.

No parol explanation being required, what is the purport and effect of the writing? By the terms of the testator's will, the defendant was entitled to receive an annuity of $100. If the will should not be allowed, he was entitled to receive his share of the estate, as an heir of the testator. By the writing, in consideration of $2,500 he has released all right to contest the will or the proof thereof, and all claim he has,—which is and can be nothing more nor less than the annuity, if the will prevails,—and all claim he "might have as heir of the deceased;" that is to say, if the will should not be established. This construction of the document is inevitable, and no fraud being shown or suggested, nor any mistake or misapprehension on the part of the signer, it is manifest that the plaintiff has no legal or equitable claim. *Stone* v. *Gilman*, 58 N. H. 135. As he was not prejudiced by any error in the admission of the parol evidence, there must be

*Judgment on the verdict.*

SMITH, J., did not sit: the others concurred.