Sullivan,
Nov. 6, 1923.

### BERTHA STEINFIELD *v.* MONADNOCK MILLS.

Parol evidence is admissible to show that the consideration named in a written agreement was also the consideration for another contract.

An oral agreement for the future flowing of land confers no interest beyond a mere revocable license, and a demand of damages for flowage is a revocation.

CASE, to recover damages caused by flowage. Trial by jury and verdict for the plaintiff.

It appeared that in 1915 the parties had certain negotiations upon the subject. The defendant then paid the plaintiff $600, and took from her a writing as follows:

"For and in consideration of six hundred dollars ($600.00) to me paid in hand I hereby discharge the Monadnock Mills from all and any damage that has been done up to the date of this receipt to my property on account of their raising their dam and putting flashboards on the same.

BERTHA STEINFIELD.

Claremont, New Hampshire.
Sept. 8, 1915."

The present suit is to recover for damage alleged to have been done after that date. The plaintiff testified that when the receipt

was given the parties also agreed that the defendant should construct certain walls and drains upon or adjacent to her property, and that this was to be in satisfaction of all future claims if it prevented further flowage of her premises.

The defendant offered to show that the plaintiff agreed to accept this work and the money paid as full compensation for both past and future damage. The superior court, *Kivel,* C. J., excluded the evidence upon the ground that it would contradict or vary a written contract, and the defendant excepted.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Jesse M. Barton* and *Ira G. Colby* (*Mr. Barton* orally), for the defendant.

PEASLEE, J. The so-called parol evidence rule, treating a writing which sets out an agreement of parties as their contract, though often spoken of and dealt with as a rule of evidence, is in reality one of substantive law. It determines "where and in what sources and materials are to be found the terms of a jural act." 5 Wig. Ev., s. 2425. "When a jural act is embodied in a single memorial, all other utterances of the parties on that topic are legally immaterial for the purpose of determining what are the terms of their act." *Ib.* This is not because it is a writing, but because the parties intended to make it their whole act. If the preliminary negotiations are in writing, they are no more admissible than if made by word of mouth. If the final and complete act be oral, it is equally entitled to be treated as the exclusive expression of the mutual agreement. The difficulty in applying the rule in practice has arisen largely from not keeping in mind these fundamental limitations, especially that the integrated act is exclusive only so far as the parties intended it to be so. "This intent must be sought where always intent must be sought, namely, in the conduct and language of the parties and the surrounding circumstances. The document alone will not suffice. What it was intended to cover cannot be known till we know what there was to cover." 5 Wig. Ev., s. 2430.

The writing now in question is both a receipt and a release. In the former aspect it is merely an admission and not conclusive upon the parties. As to the latter phase it is conclusive. The parties having elected to reduce to a writing their final agreement, the

theory of the law is that such writing is not merely evidence but is the contract itself.

It is not necessary to now consider the extent to which such a contract may be varied or contradicted (5 Wig. Ev., s. 2431), for what the defendant offered to show was not in any true sense a contradiction or variation of the contractual part of the document. True it is that it differed from the writing, but it does not necessarily follow that it in any way affected the terms thereof. The error in many of the cases lies in the failure to distinguish between denying the terms of the writing and showing that other agreements, not intended by the parties to be covered by the writing, were made at the same time.

The execution and validity of the writing being admitted, neither party could deny in this suit that the plaintiff gave and the defendant accepted a release of the plaintiff's claim for past damage. That was their written contract. In the same writing was the statement that the consideration for the release was the payment of six hundred dollars. It is familiar law that this statement could be falsified. *Ryan* v. *Rand*, 26 N. H. 12; *Pierce* v. *Insurance Co.*, 50 N. H. 297. It could not be denied for the purpose of avoiding the release as being given without consideration (*Buffum* v. *Green*, 5 N. H. 71, 82); but it could be shown that the money was not paid (*Scoby* v. *Blanchard*, 3 N. H. 170), that a less sum, in fact paid, was the whole consideration agreed upon (*Morse* v. *Shattuck*, 4 N. H. 229; *Barns* v. *Learned*, 5 N. H. 264; *Nutting* v. *Herbert*, 35 N. H. 120), that there was a further consideration not expressed in the contract (*Quimby* v. *Stebbins*, 55 N. H. 420; *Day* v. *Washburn*, 76 N. H. 203) or that the sum paid was the consideration for some other contract as well as for this (*Webber* v. *Loranger*, 79 N. H. 3; *Hutt* v. *Hickey*, 67 N. H. 411).

The defendant offered to show the latter state of facts. It had already appeared in the case, by the plaintiff's own testimony, that at the time the writing was executed there was a further agreement between the parties as to the construction by the defendant of certain walls and drains. The plaintiff's claim was that such construction was to be a satisfaction of future damages in case it prevented further injury from flowage. The defendant proposed to show that the plaintiff agreed to accept what it paid and promised to do as satisfaction of all future damage from flowage. The defendant's offered proof of this additional agreement, resting in part upon the money payment as a consideration, did not in any way

deny any of the terms of the release. It was merely a part of their agreement which they did not elect to integrate in the writing. Proof of such an additional oral agreement has always been permitted in this state. *Quimby* v. *Stebbins, supra; Hutt* v. *Hickey, supra; Day* v. *Washburn, supra; Webber* v. *Loranger, supra.*

The plaintiff relies upon *Goodwin* v. *Goodwin,* 59 N. H. 548, and upon a supposed conflict in the New Hampshire authorities to sustain her position. That case does not in any way deny the rules heretofore stated. It applies them, and correctly, to the case in hand. The plaintiff had signed a release of "all the claim I have or might have as heir." This was construed to include, under the words "all the claim I have," his claim as legatee under a contested will. It is immaterial to the present discussion whether this reading of the document was correct, or whether its true construction was that "have" as well as "might have" related to a claim as heir. The meaning of the writing being determined to include the claim as legatee, it was settled that rights as to such claim were integrated in the writing; and the decision that a different oral agreement on the subject, whether precedent or concurrent, could not be shown was in harmony with all our cases.

It has been suggested (*Cass* v. *Brown,* 68 N. H. 85, 88) that *Furbush* v. *Goodwin,* 25 N. H. 425, is at variance with the general rule. Whatever error there may be in that case consists in a failure to recognize that a receipt may embody a contract which falls within the general exclusionary rule. There was another and undisputed ground upon which the decision was finally put. There is nothing in the case tending to cast any doubt upon the general rule as to the status of a written contract.

The plaintiff also claims that the ruling excluding the evidence can be sustained upon the ground that the offer of proof was an attempt to set up a defence not before suggested, and that could not be made at that stage of the proceedings. *Martel* v. *White Mills,* 79 N. H. 439, 443, and cases cited. Under these authorities, grounds of action or defence involving questions of fact are treated as presented at too late a time, as matter of law, when not suggested until after the trial of the facts has closed. But when such ground is offered to be shown in proof at the trial, it should be received unless offered at so late a time as to give the proponent an unfair advantage. Whether such a situation exists is a question of fact to be determined by the presiding justice. *Stone* v. *Boscawen Mills,* 71 N. H. 288, 290, and cases cited; *LaCoss* v. *Lebanon,* 78 N. H.

413, 417, and cases cited. If in the present case the presiding justice might have excluded the evidence on this ground, he did not do so. The point was not decided, and it is too late to raise it now.

The proffered evidence should have been received and considered as tending to show an agreement of the parties additional to that stated in the writing. Error having been committed in the exclusion of the evidence, the question arises whether the verdict should be set aside.

What the defendant offered to show was an oral agreement for an interest in land. As stated by the presiding justice, the defendant claimed an agreement that fixed the rights of the parties for all time and for all purposes. The future flowing, contemplated and paid for if the alleged agreement was made, would take from the plaintiff a part of her title to her real estate. *Eaton* v. *Railroad,* 51 N. H. 504, 511, *et seq.; Swain* v. *Company,* 76 N. H. 498, 501. It is apparent that no such interest beyond a mere license could be acquired in that way. *Taylor* v. *Gerrish,* 59 N. H. 569. Such license, if shown, would relieve the defendant from liability only so long as it remained unrevoked. *Hodsdon* v. *Kennett,* 73 N. H. 225, and cases cited.

The evidence from both parties was that the plaintiff began to make complaints and demands for reparation very soon after the transaction in question. This was notice that the plaintiff denied that the defendant had any right in the premises, and was a sufficient revocation of the license, if one existed. *Carleton* v. *Redington,* 21 N. H. 291, 311. Whether any substantial part of the damage recovered for was done before such revocation of any permissive right cannot be ascertained with certainty from the record transferred; but apparently the license, if proved, would not have affected the verdict. The estimates of damages were of lump sums, or of so much a year. Unless there is something in the record of the trial which does not appear here, the verdict should not be set aside for the erroneous exclusion of the evidence.

Whether the consideration alleged to have been given for future rights could have been recovered as a set-off or under a plea of recoupment, or whether it can hereafter be recovered in another suit, are questions not now presented and upon which no opinion is expressed.

The other exceptions have not been argued and are understood to be waived.

*Case discharged.*

All concurred.